### SMITH v. BOTENS et al.

*(Supreme Court, General Term, Third Department. February 18, 1891.)*

FALSE IMPRISONMENT—THREATENING OFFICER—INTENT.

    Pen. Code N. Y. §§ 46, 127, provide, in effect, that any person intimidating or threatening a public officer in the discharge of his duty shall be deemed guilty of a misdemeanor; and Code Crim. Proc. N. Y. § 177, provides that a peace-officer may, without a warrant, arrest a person for a crime attempted or committed in his presence. Plaintiff was arrested by defendant, a peace-officer, and his brother, for using threatening language to said officer upon service of civil process. In an action by plaintiff for false imprisonment, defendants justified by setting up plaintiff's misdemeanor under the foregoing statutes. *Held*, that the "intent" of the plaintiff in the use of said language was of the essence of the offense charged, and that the plaintiff should have been permitted to go to the jury upon that question.

Exceptions from circuit court, Sullivan county.

Action by Charles A. Smith against John Botens and Frederick Botens. At the trial the complaint was dismissed, and plaintiff's exceptions were ordered to be heard in the first instance at the general term.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*T. F. Bush*, for appellant. *John F. Anderson*, for respondents.

LEARNED, P. J.   This is a motion for a new trial on exceptions ordered to be heard in the first instance at the general term after a trial at circuit, at which the court dismissed the complaint, with costs, and refused to permit the plaintiff to go to the jury.   It does not appear by the case or by the order that the order was made on the application of either party, as prescribed by section 1000, Code Civil Proc.   The action was to recover damages for false imprisonment; not, as stated in defendants' points, for malicious prosecution. The false imprisonment alleged consisted in arresting the plaintiff, and taking him before a justice of the peace, by whom he was held to bail.   The alleged justification is that the plaintiff committed a crime in the presence of John Botens, one of the defendants, a constable, and that he arrested the plaintiff therefor, and required the other defendant, his brother, Frederick Botens, to assist him in so doing.   A justice of the peace, on an affidavit made by one Gilbert, had indorsed a requisition in replevin requiring the constable to replevy a certain book containing the accounts of the commissioner of highways, which was in the possession of the present plaintiff.   These replevin papers were in the hands of John Botens.   It may be noticed, in passing, that there existed bad feeling between Frederick Botens and the plaintiff, who had succeeded him as commissioner of highways.   This book contained Frederick Botens' account, and in that account Frederick Botens was credited with $25 paid by him to the plaintiff, when in fact the payment was only 25 cents.   And the plaintiff had called Frederick Botens' attention to this matter, and his doing this had led to the replevin proceedings to take the book from his possession.   John Botens, with these replevin papers, went to the house of plaintiff's father, where plaintiff lived, and there saw plaintiff's mother. . He endeavored to get the book, but she did not know where it was, and he could not have it.   He told her he would have to fetch the plaintiff, dead or alive.   This he stated there in the presence of others.   On that day the plaintiff met the defendants coming back from his father's house.   Plaintiff turned his horse, and went back to Weaver's Hotel.   When he arrived the defendants were there.   The plaintiff said to John Botens, if he had a warrant to serve, he could serve it.   Botens handed him a paper, which he asked Botens to read.   They went into the bar-room, Botens read the paper, and plaintiff took it.   Beecher, who was with plaintiff, looked at it, and said: "John, this is no warrant.'   How did you expect to arrest him with that,—take him, dead or alive?"   John said: "I never said so."   Plaintiff said: "You are a liar.   I can prove it to you by a half a dozen witnesses that you said so this morning, that you would take me dead or alive."   Plaintiff further said: "You better look out how you go sneaking around my father's house; you may get your damned head busted."   The defendant John then laid hand on plaintiff, and arrested him, saying plaintiff was his prisoner. Plaintiff said he had done nothing to be arrested for.   John Botens then called on Frederick Botens to assist, and they seized plaintiff.   Plaintiff resisted at first, but finally gave up resistance.   The defendants took him to the justice, compelling him to go.   The plaintiff says that he had heard that John Botens was at his father's house, but had not been told that his errand there was to get the book.   When Botens read the replevin papers to plaintiff, plaintiff said: "I suppose now you will try to get the book?"   The defendants urge that by section 177, Code Crim. Proc., a peace-officer may, without warrant, arrest for a crime committed in his presence; and, further, that by section 127 of the Penal Code it is a misdemeanor to address a threat to a public of-

ficer with intent to induce him, contrary to his duty, to omit any act; and that plaintiff did address such threat to John Botens with such intent. There may be some doubt whether section 127 is intended to apply to executive officers. But we need not decide that; for section 46 of the Penal Code mentions executive officers expressly, and is in substance like section 127. The plaintiff, on the other hand, cites section 183 of the Code of Criminal Procedure, which authorizes a private person to arrest for a crime committed or attempted in his presence; thus making no distinction between officers and private citizens in this respect. And he urges that, if the defendants' construction is correct, then any private citizen may arrest for any of the numerous statutory misdemeanors committed in his presence. As illustration of the evils of such a construction, he cites the following and other sections of the Penal Code, viz.: 116, 117, 145, 146, 148, 157.

There is much force in the position taken by the plaintiff's counsel. But we do not think it necessary to decide at this time how this very liberal authority given to private persons and to officers to arrest without warrant is to be applied to the numerous cases of statutory misdemeanors. We need only examine the present case. The court, in order to nonsuit the plaintiff, must have held as matter of law that plaintiff committed a crime in John Botens' presence. We think that was a question for the jury. The crime of intimidating an officer, either under section 127 or under section 46 of the Penal Code, involves the question of intent. The word "intent" is used in section 127, and is clearly implied in section 46. Now, the words used by plaintiff to John Botens may have been words of caution, or they may have been mere angry words, used with no intent whatever. We have already seen the hard feeling which existed, and there is evidence that the plaintiff had heard of the alleged threats that he was to be taken dead or alive. Under those circumstances, we think that the court could not rightfully decide that the plaintiff had committed a crime in the presence of Botens. Indeed, where a certain intent is essential to constitute the crime, it may be doubted whether any outward acts will be an unquestionable justification for making the arrest, under section 177 and 183 of the Code of Criminal Procedure, should it be shown that no such intent existed. In *Burns* v. *Erben*, 40 N. Y. 463, the difference is pointed out between an action for false imprisonment and one for malicious prosecution. It is shown that in the former action, if a felony has been actually committed, a private person is justified in making an arrest, if he has reasonable cause; that a constable is justified, though no felony has been committed, if he has reasonable ground to suspect the commission and acts in good faith. To the same effect is *Hawley* v. *Butler*, 54 Barb. 490. We do not see that these decisions apply here. The defense set up in the answer is not that John Botens had reasonable ground to suspect the commission of a felony, or to suspect the commission of any crime. The defense is the actual commission of a crime. *People* v. *Pratt*, 22 Hun, 300; *Stage-Horse Cases*, 15 Abb. Pr. (N. S.) 51, at page 72. It will be seen by reference to section 177 of the Code of Criminal Procedure that the subject of reasonable cause is mentioned only in the third subdivision, which is the case when a felony has been in fact committed. This seems to limit that subject to the cases under that third subdivision. Verdict set aside, motion for new trial granted, costs to abide event. All concur.