## STEVENS v. METROPOLITAN LIFE INS. CO.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. REVIEW ON APPEAL—WEIGHT OF EVIDENCE.

It is the province of the jury to determine the rights of the parties under conflicting evidence, and the degree of credibility to which interested witnesses are entitled, and such determination will not be disturbed on appeal.

2. MALICIOUS PROSECUTION—EVIDENCE.

In an action for malicious prosecution, evidence of an alleged attempted fraud by plaintiff on defendant, which was wholly disconnected with the crime charged, is inadmissible.

3. SAME—PROBABLE CAUSE.

In an action for malicious prosecution, the facts that a magistrate entertained a criminal complaint and issued a warrant for plaintiff's arrest, that plaintiff waived examination, and was subsequently indicted, and on the trial the jury deliberated for some time before finding a verdict of acquittal, are not conclusive evidence of probable cause for the prosecution.

Appeal from trial term.

Action for malicious prosecution on a charge of larceny by P. Clayton Stevens against the Metropolitan Life Insurance Company. Plaintiff had judgment, from which, and an order denying a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Arnoux, Ritch & Woodford, (C. N. Bovee, Jr., of counsel,) for appellant.

Edward F. O'Dwyer, for respondent.

BISCHOFF, J.  Plaintiff had been in defendant's employ as a solicitor of insurance and collecting agent for a period of about two years immediately preceding May 10, 1889. On that day he resigned from the employment, and on the 21st day of the same month he was apprehended on a criminal charge preferred against him by defendant. The charge was larceny, and involved the alleged felonious misappropriation of $1.40 which had been paid him for defendant by one of its policy holders. Upon this charge plaintiff was indicted by the grand jury, and subsequently tried and acquitted. Thereafter he brought this action to recover damages for his alleged malicious prosecution. The jury awarded him $2,000, and from the judgment which was entered on the verdict, and the order which refused it a new trial on the minutes, defendant appealed. Whether defendant had "probable cause" for, or was actuated by "malice" in, the criminal prosecution, were questions which, in the present case, depend mainly upon the further question whether or not plaintiff had truthfully testified that at the time of tendering his resignation from defendant's employ he had admitted having made collections, and demanded to be informed of the amount due him for "reserve salary," and had offered to pay whatever he should be found to be owing defendant for money col-

lected for it. Williams, defendant's superintendent, denied the fact of such an admission, demand, and offer; and testified that plaintiff denied having made any collections; but it was the province of the jury to determine this conflict of evidence, as well as the degree of credibility to which the witnesses, both being interested in the result of this action, were respectively entitled. The motions for dismissal of the complaint, and for the direction of a verdict for defendant, were therefore justly denied. In Willard v. Holmes, 21 N. Y. Supp. 998, (opinion handed down herewith,) we stated the legal principles which should control on the trial of an action for malicious prosecution, and careful consideration of the several exceptions to the rulings has resulted in our conclusion that these principles were not departed from on the trial of this.

The learned trial judge correctly ruled out evidence tending to show that, at or about the time defendant caused plaintiff's arrest, he was guilty of an attempted fraud upon defendant utterly disconnected with the alleged crime of which he was accused. Plaintiff was not called upon, either in this action or in the criminal prosecution, to defend an accusation of such attempted fraud. It was for that reason irrelevant and incompetent; and in so far as appellant's counsel urges that the evidence excluded was admissible, because less convincing evidence is required to establish "probable cause" for the prosecution of a person suspected of crime if he is known to be of ill repute, he trespasses upon the rule which forbids proof of ill repute by evidence of specific acts.

Defendant's counsel requested the court to charge that the facts that the police magistrate entertained the complaint in the criminal prosecution, and issued a warrant for plaintiff's apprehension; that plaintiff waived a preliminary examination in the police court; that he was subsequently indicted by the grand jury; that on trial of the indictment the question of plaintiff's guilt was submitted to a jury; and that the jury deliberated for some time before arriving at a verdict of plaintiff's acquittal, —constituted conclusive evidence of "probable cause" for plaintiff's prosecution; and to the refusal so to charge exception was taken. As the matters mentioned, however, at most were prima facie evidence of "probable cause," (Newell, Mal. Pros. p. 290, c. 7, § 19, subd. 11,) the request was properly refused, and the exception is without force. The judgment and order appealed from should be affirmed, with costs. All concur.