ELLEN BURNS, by ELISHA W. CHESTER, her Guardian, Appellant, v. CHARLES ERBEN and THOMAS FROST, Respondents.

An arrest by a private individual is excused only where a felony has *in fact* been committed and there was reasonable ground to suspect the person arrested, although in truth innocent, of its commission; but a constable is justified in making an arrest without warrant, though no felony has been actually committed, if he has reasonable ground to suspect that one has been, and acts in good faith and without evil design.

Where there is no conflict in the evidence as to the circumstances in actions for false imprisonment and malicious prosecution, the question of probable cause or reasonable ground of suspicion is one of law and not for the jury.

The members of the Metropolitan police force have all the powers of constables in this State, except in the service of civil process.

(Submitted on the part of the appellant, and argued by the respondent, April 2d, 1869, and decided June 12th, 1869.)

THIS is an appeal from a judgment of the Superior Court of New York, affirming a judgment of nonsuit.

The complaint averred that the defendants "maliciously, and with intent to injure said plaintiff, did, illegally and without warrant, arrest her, and did, by force, compel her to go with them to a police station house, and did there and then restrain her of her liberty, &c., without reasonable cause, and without any right or authority so to do, and against her will, &c."

The defendant Frost, a police officer, made default. The defendant, Erben answered: "1st, Denying the complaint; 2d, That on the 15th of July, 1861, the house No. 46 West 38th street, occupied by Henry Erben, the father of the defendant Erben with whom the latter resided, was robbed of certain silver ware; that at the time of said robbery the plaintiff was in the house, but quitted soon after; that none others, as defendant believed, than members of the household, were on the premises at or about the time, wherefore said plaintiff was liable to the suspicion of being guilty

of or privy to the felony; that the co-defendant, Frost, was a patrolman of the police, and these facts coming to his knowledge, he, in discharge of his duty as such patrolman, required said defendant, Erben, to accompany him to a police station; that, upon the officer in charge of such station being informed of the felony, he directed said patrolman to bring said plaintiff before him; that said patrolman called upon said plaintiff and requested her to accompany him to said station, which she did voluntarily."

The felony was proved on the trial, and it was shown that plaintiff was in the house visiting a servant at the time; that she left the house shortly after; that no other person than members of the family were known to be in the house at the time; that when the felony was discovered the patrolman was sent for; that he came and examined the premises, was informed of plaintiff's having been there and gone, and that defendant, Erben, on it being suggested that the facts ought to be reported at the station house, by direction of his father went there with the patrolman, and reported the case to the sergeant on duty, and said he thought there was suspicion enough against plaintiff to have her examined. The sergeant then said to the patrolman he had better bring plaintiff up. The patrolman requested defendant to accompany him, and plaintiff went at his request. Plaintiff was brought to the station house, where, after a few inquiries by the sergeant, she was permitted to return home.

There was some slight conflict in the evidence as to defendant's action at plaintiff's residence. The plaintiff testified that "Erben said she had better go to the station house;" another witness testified that "Erben said she must go to the station house." The defendant testified it was the officer who said "she must go to the station house;" that he said nothing until appealed to by plaintiff and her friends, when he said in reply, "she would have to go;" that he said nothing else in the house except in answer to inquiries. The patrolman testified that "I wanted her to come to the station house with me;" "told her that she would have to go;" that

he told Erben he had better have her arrested; that Erben assented and went with him to the station house."

At the close of the case the defendant moved to dismiss the complaint on the grounds:

1st. That there was no evidence sufficient to charge him in damages in the action:

2d. That it appearing in evidence that a felony had been committed, and there was probable cause to suspect the plaintiff of having been principal or accessory, and there being no dispute concerning the material facts, the defendant, Erben, was justified in his conduct.

The motion was resisted, the plaintiff insisting that the case should go to the jury.

The court decided that the question of probable cause, or reasonable cause, was a question of law for the court, and not of fact for the jury. The complaint was dismissed, to which the plaintiff duly excepted.

*Amasa J. Parker*, for appellant.

*Albert Matthews*, for the respondent, cited *West* v. *Baxendale* (9 M., Gr. & S., 141); Laws of 1857, p. 200, § 8; *Holley* v. *Mix* (3 Wend., 350); 1 Hale P. C., 587; 5 Dane's Abr., 588; 1 Chit. Cr. L., 15, 17; *Beckwith* v. *Philby* (6 B. & C., 638); *Samuel* v. *Payne* (1 Doug., 359); *Davis* v. *Russell* (5 Bingham, 354); *Rohan* v. *Sawin* (5 Cush., 281); *Masten* v. *Deyo* (2 Wend., 424); *Buckley* v. *Ketteltas* (2 Seld., 384); *Besson* v. *Southard* (6 Seld., 236); *McCormick* v. *Sisson* (7 Cow., 715); 2 Hillard on Torts, 454; *Payne* v. *Green* (Sm. & Mar., 507); *Elder* v. *Morrison* (10 Wend., 128); *Oystead* v. *Shed* (12 Mass., 511).

JAMES, J. This case was tried as though it were an action for malicious prosecution. In such an action the burden was upon the plaintiff to show a want of probable cause. No such evidence was given, and, therefore, as such an action, the case was properly disposed of.

But the allegations of the complaint are for an illegal arrest and detention. Such acts constitute what is usually denominated an action of false imprisonment; an action in the nature of a trespass for a direct wrong or illegal act, in which the defendant must have personally participated. (*Johnstone* v. *Sutton*, 1 Term. Rep., 544.) · Or the act must have been by his direct or indirect procurement. (*Hopkins* v. *Crowe*, 7 C. & P., 573.) The gist of such an action is an unlawful detention, and motive will be inferred so far, at least, as to sustain the action; and evidence to disprove actual motive only bears upon the question of damages.

Probable cause, or reasonable ground, for suspicion against a plaintiff, affords no justification for an arrest or imprisonment, unless a felony has actually been committed; in which case the burden of proving that a felony had actually been committed, and the facts relied upon to establish probable cause, or reasonable ground for suspicion, is upon the defendant.

As a general principle, no person can be arrested or taken into custody without warrant. But if a felony, or a breach of the peace, has, in fact, been committed by the person arrested, the arrest may be justified, by any person, without warrant, whether there was time to procure a warrant or not; but if an innocent person be arrested upon suspicion by a private individual, such individual is not excused unless such offence has, in fact, been committed, and there was reasonable ground to suspect the person arrested. (Hale's Pl. Cr., 72; 1 Chit. Cr. Law, 15; *Hally* v. *Mix*, 3 Wend., 353.) Lord MANSFIELD said, in *Samuel* v. *Payne* (Doug., 346): "If a felony has been committed, any man, upon reasonable probable ground of suspicion, may justify apprehending a suspected person and carrying him before a magistrate. See also *Hobbs* v. *Beaumont* (3 Camp., 420); *West* v. *Baxendale* (9 Com. Bench Rep., 141).

This question of probable cause, or reasonable ground for suspicion, whether it arises in actions for malicious prosecution or false imprisonment, is one of law, unless the evidence

out of which it arises is conflicting; in which event it is the duty of the court to instruct the jury what facts, if established, will constitute probable cause, and submit to them only the question as to such facts. (*Bulkley* v. *Ketteltas,* 6 N. Y., 384.)

In this case there was no dispute about the facts bearing upon the question of probable cause. It was undisputed that a felony had been committed; that plaintiff was in the house at the time it was committed, and that she left shortly after. There was not, therefore, any question for the jury. The question was simply one of law, and, as such, the proof showed a reasonable ground for suspicion against the plaintiff.

Therefore, conceding that defendant entered a complaint against the plaintiff, that he actually assisted in her arrest, a complete justification was established.

The nonsuit was right, and the judgment should be affirmed.

WOODRUFF, J. By section 8 of the act to establish a Metropolitan Police District, passed April 15th, 1857 (chap. 569 of Laws of 1857), the members of the police force of that district are given " in every part of the State of New York, all the common law and statutory powers of constables, except for the service of civil process." And in the amendatory act passed April 10, 1860 (chap. 259 of Laws of 1860), it is declared in the 28th section, that the members of the police force of that district " shall possess in every part of the State all the common law and statutory powers of constables, except for the service of civil process."

In pursuance of information given by the defendant, Erben, the defendant, Frost, accompanied by Erben, arrested the plaintiff without warrant, took her to the police station, where she was detained a few minutes, and after some conversation with the officer in charge, she was permitted to return to her residence. For this she has brought the present action for false imprisonment.

A felony had been committed that evening, at the house

of Mr. Henry Erben, the defendant's father.   On that point there is no dispute or conflict.   The plaintiff had visited the house that evening, and, according to the information upon which the defendant acted, was the only person not a member of the family, who had been in the basement.   Silver had been stolen from the basement.   It was there when the plaintiff entered and until after 8 o'clock; and it was missed very shortly after she left the house.   Of these facts the proof was distinct and without contradiction.

Upon a report of these facts, Frost, accompanied by the defendant, Erben, made the arrest as above stated.

The inquiry is, therefore, whether under the statutes above cited and the common law rule in respect of arrests made or aided by private persons, the plaintiff was entitled to recover. There were no facts in dispute requiring the submission of any question to the jury, unless it be held that there was no justification.

I have no doubt upon the subject.   The writers upon criminal law and the reported cases, so far as I have examined them, hold uniform language.

Lord TENTERDEN, Ch. J., in *Beckwith* v. *Philby* (6 Barn. & Cres., 635), says: "The only question of law in this case is, whether a constable, having a reasonable cause to suspect that a person has committed a felony, may detain such person until he can be brought before a justice of the peace to have his conduct investigated.   There is this distinction between a private individual and a constable; in order to justify the former in causing the imprisonment of a person, he must not only make out a reasonable ground of suspicion, but he must prove that a felony has actually been committed; whereas a constable having reasonable ground to suspect that a felony has been committed, is authorized to detain the party suspected until inquiry can be made by the proper authorities." (See Hawk P. C., book 2, chap. 12, 13 ; 1 Russell on Crime, 594, 5 ; Steph. Cr. L., 242, 3 ; 1 Chit. Cr. L., 15, 17 ; *Samuel* v. *Payne*, Doug., 358 ; *Lawrence* v. *Hedger*, 3 Taunt., 14 ; *Regina* v. *Toohy*, 2 Ld. Raymond, 130 ; *Hobbs* v. *Brandscomb*,

3 Camp., 420; *Davis* v. *Russell*, 5 Bing, 354; *Cowles* v. *Dunbar*, 2 Car. and P., 565.)

In *Ledwith* v. *Catchpole* (Cald. Cas., 291, and 1st Burns, Justice, p. 130, 1), Lord MANSFIELD, says, in an action against the officer: " The question is, whether a felony has been committed or not. And then the fundamental distinction is, that if a felony has actually been committed, a private person may, as well as a police officer, arrest; if not, the question always turns upon this, was the arrest *bona fide ?* Was the act done fairly and in pursuit of an offender, or by design, or malice, or ill will?   *   *   *   It would be a terrible thing, if, under probable cause, an arrest could not be made   *   *;   many an innocent man has and may be taken up upon suspicion; but the mischief and inconvenience to the public in this point of view, is comparatively nothing; it is of great consequence to the police of the country."

The justification of an arrest by a private person was made in *Allen* v. *Wright* (8 Carr and Payne, 522), to depend on first, the fact that a felony had been actually committed; and *second*, that the circumstances were such that a reasonable person, acting without passion and prejudice, would have fairly suspected the plaintiff of being the person who did it.

These principles are affirmed in this State in *Mix* v. *Clute* (3 Wend., 350), in very distinct terms.  " If a felony has been committed by the person arrested, the arrest may be justified by any person without warrant. If an innocent person is arrested upon suspicion by a *private* individual, such individual is excused *if a felony was in fact committed*, and there was reasonable ground to suspect the person arrested. But if no felony was committed by any one, and a private individual arrest without warrant, such arrest is illegal, though an *officer* would be justified if he acted upon information from another which he had reason to believe."

The fact being proved in this case that a felony had in fact been committed, I have no hesitation in saying that, however unfortunate it was to the plaintiff, the circumstances fully justified the suspicion which led to her arrest.  It is claimed

that these circumstances should have been submitted to the jury. Not so; a verdict finding no reasonable ground of suspicion would have been against evidence. There was no conflict of testimony, and that the arrest was made without malice, in good faith, and upon reasonable grounds, is to my mind incontrovertible.

The appeal appears to me to have been taken upon a misapprehension of the construction and effect of the statutes conferring power on the policeman. I think the power perfectly clear, and I notice that the rules and regulations of the board of police are in conformity therewith ; and it is made the duty of the officer to take the arrested person immediately before the Police Court, or if made at night or when the courts are not open, immediately to the station house, where the officer on duty is required to examine whether there is reasonable ground for the complaint, and if so, to cause the party to be taken before the court the next morning. Under such a system, innocent parties may sometimes be subjected to inconvenience and mortification ; but any more lax rules would be greatly dangerous to the peace of the community and make the escape of criminals frequent and easy.

The judgment should be affirmed.

All the judges concurring, judgment affirmed.