CHARLES E. HODGE, Respondent, *v.* WILLIAM I. SKINNER, Appellant.

Third Department, April 27, 1938.

*James H. Greene*, for the appellant.

*O. L. Van Horne* [*Theodore P. Feury* of counsel], for the respondent.

McNAMEE, J. An order has been granted denying defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The action was brought for malicious prosecution, and the complaint alleges that the defendant filed an information with a justice of the peace, as magistrate, without probable cause, and charged the plaintiff therein with the commission of a felony, and at the same time filed depositions " reiterating and amplifying " the charge, and thereby brought about plaintiff's arrest

and imprisonment. The plaintiff waived examination before the magistrate, and gave bail to await the action of the grand jury. The grand jury failed to indict, and an order was made by the Supreme Court dismissing the accusation and discharging the plaintiff.

The appellant contends that the motion to dismiss the complaint should have been granted on the grounds (1) that plaintiff's allegations of waiver of examination before the magistrate and of giving of bail were *prima facie* evidence of probable cause; (2) that probable cause appearing upon the face of the complaint, it was incumbent upon the plaintiff to allege facts constituting fraud, falsification of the evidence, or the withholding of material facts, in order to overcome the *prima facie* showing; and (3) that the plaintiff has not alleged appropriate facts of that character.

When a plaintiff alleges facts constituting probable cause *prima facie*, he is bound to go further in his complaint and set out facts which, if true, would show lack of good faith on the part of the defendant, namely, that he did not make a full and complete statement of the facts to the person whose official action was sought, or that he knowingly suppressed material facts or information, or that he corruptly or negligently gave or induced false testimony — in other words, that the defendant was guilty of fraud or oppression in the prosecution, to the injury of plaintiff's rights. (*Graham* v. *Buffalo General Laundries Corporation*, 261 N. Y. 165; *Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 id. 296, 300, 302; *Goldner-Siegel Corp.* v. *Kraemer Hosiery Co.*, 153 Misc. 159, 162.)

And when essaying such additional matter in his pleading, the plaintiff does not meet his obligation by the statement of conclusions of law, or a general characterization of defendant's conduct. He must plead those facts from which it will appear to the court that the defendant willfully failed to make a full disclosure of the facts, or has knowingly suppressed material consideration, or that he was culpably responsible for the corrupt or negligent giving of false testimony — in a word, as above indicated, that the defendant was guilty of bad faith, fraud or oppression. The mere use of the language of the opinions in stating the rule may be wholly inadequate. The defendant has a right to know the *facts* with which he will be confronted on the trial. (*Levy* v. *Chasnoff*, 245 App. Div. 607, 609; *Finsilver* v. *Still*, 240 id. 87, 89, 90; *Green* v. *General Cigar Co., Inc.*, 238 id. 638.)

In our view the decisive question here, however, does not arise on the form of the complaint, or its failure of content. The question is, does the complaint contain any allegation of probable cause?

It does allege that, when brought before the magistrate, the plaintiff waived examination and gave bail to await the action of the grand jury. The defendant insists that such waiver and the giving of bail were an admission *prima facie* of probable cause. No authority from the decisions of this State is cited in support of that claim, except *Stevens* v. *Metropolitan Life Insurance Co.* (2 Misc. 584, Common Pleas, General Term, 1893). Clearly that case is not such an authority. All that was held there was that a waiver of examination, a subsequent indictment by the grand jury, and a submission of plaintiff's guilt to a trial jury constituted *prima facie* evidence of probable cause. Here we have only the single question, does a waiver of examination and the giving of bail constitute such probable cause? And the rulings cited from early cases in Missouri, West Virginia and Oregon, and at circuit in Ohio, and a later case in North Carolina, do not appear to have been based on a statutory system corresponding with ours, and are not in harmony with our criminal jurisprudence.

When the plaintiff was arrested and brought before the magistrate as a prisoner on the charge in question, it was the duty of the latter to inform the accused of certain of his rights, and to grant time or an adjournment for their exercise. (Code Crim. Proc. §§ 188, 189.) The magistrate was then required to " proceed to examine the case, *unless*," as the section prescribes, the accused " waives examination and elects to give bail " (§ 190). The statute provides in case of adjournment for the committal of the accused to jail until bail be given (§§ 192, 193). The accused may " make a statement in relation to the charge against him," if he chooses; and he may waive that right; and if he waives the making of a statement, such waiver cannot be used against him on the trial (§ 196).

" After hearing the proofs," the magistrate may discharge the accused (§ 207), or commit him to jail (§ 208), or release him on bail (§§ 209, 210), depending on what " appears " from the evidence. That is, the magistrate may do one of these things after he has made the finding of fact required by sections 207 or 208. Even in the case of misdemeanors (exclusive of those specified in section 56) in which the magistrate has power to hear and determine the charge, he is not authorized to proceed therewith except upon the requirement of the accused (§§ 211, 56, subd. 38). And even where the Magistrate's Court has exclusive jurisdiction in the first instance, under section 56, he is required to grant an adjournment to enable the accused to apply to the county judge or a Supreme Court justice for a certificate that the case should be presented to the

grand jury (§§ 57, 58). Where such certificate has been obtained and bail given, a Court of Special Sessions is without jurisdiction (§ 59). A perusal of chapter VII of title III of part IV of the Code of Criminal Procedure and the related sections mentioned, reveals the strict definition and limitation of the powers and duties of magistrates and Courts of Special Sessions, as well as the caution exercised by the Legislature to safeguard the rights of the accused.

It will be observed that under the provisions of section 190 of the Code of Criminal Procedure, the magistrate is without power to proceed with an examination of the merits of a charge, to take proof, or to make any finding, if the defendant " waives examination and elects to give bail." While he may examine witnesses conditionally and preserve their testimony, he is without power to make a finding whether or not a crime has been committed, or the accused probably guilty thereof. The accused is given by the statute an election of the tribunal which shall hear the charge against him, and make the necessary finding. And having made that election under section 190, the charge against him becomes a matter for the consideration of a grand jury. He comes before the magistrate in the custody of the law, and upon his election he remains so, or gives bail, until the grand jury has examined into his case. By his election he has exercised his legal right to which no statutory conditions are attached. The statute does not require him to enter into any stipulation, nor to make any admission of guilt, nor of the strength of the case against him.

There are practical considerations which underlie these provisions of the Criminal Code. In the less populous communities of the State especially, people become familiar to each other. The different persons whom they commonly meet are relatively few; the competency of public officials is closely considered, weighed and appraised; and often personal views, feelings and attitudes arise which do not lend themselves readily to the calm confidence of the Christian ideal, or to judicial impartiality. And there may be instances in which it would be the part of wisdom for a man accused of serious crime by an acquaintance or neighbor, to exercise his election to have the charge against him examined by a grand jury drawn from the body of the county. The more groundless the charge against the accused in a given case, the more reason there may be to waive examination before the magistrate, and to submit the charge to the grand jury. Those who have had large and intimate experience in such relations readily understand that the exercise of the election mentioned, in many cases, would be wholly

foreign to any ulterior motive; as it would be foreign to the notion that the accused was admitting there was any cause to believe him guilty of crime. The implications suggested furnish a sound basis in reason for the right of election which the statute confers, and for our interpretation that its exercise is in no degree an admission of probable cause.

When a magistrate, after he has examined into a charge of crime pending before him, in the manner prescribed by chapter VII, above cited, and after he has found that a crime has been committed, and " that there is sufficient cause to believe the defendant guilty thereof," this finding of the magistrate constitutes, *prima facie*, probable cause for the making of the charge. And it is no longer open to question in this State that such a finding is a defense, *prima facie*, to an action for malicious prosecution against the informant. And the same is true with reference to an indictment found by a grand jury. (Code Crim. Proc. § 258; *Hopkinson* case, *supra*, p. 300; *Graham* case, *supra*, pp. 167, 168; *Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 280, 281; *Agar* v. *Kelsey*, 253 App. Div. 726; *Green* case, *supra*.) But there is no authority in this State holding that the exercise of the election given by section 190 of the Code of Criminal Procedure is a confession or an admission of culpability, or any proof whatever of probable cause for initiating the prosecution. It is our conclusion that the allegations in plaintiff's complaint that he waived examination before the magistrate, and gave bail to await the action of the grand jury, were not a showing of probable cause, and that there is no admission of probable cause in the complaint.

The order denying defendant's motion to dismiss the complaint should be affirmed, with costs.

HILL, P. J., RHODES, BLISS and HEFFERNAN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.