WLADYSLAW ZEBROWSKI, Respondent, *v.* MAXIM BOBIN-SKI, Appellant.   (Action No. 2.)

Argued May 24, 1938; decided July 7, 1938.

*J. Harry Saxstein* and *Isidore Scheinberg* for appellant. The complaint should have been dismissed because the criminal prosecution complained of was terminated by an agreement of compromise. (*Follender* v. *Merl,* 242 App. Div. 650; 266 N. Y. 534; *Levy's Store, Inc.,* v. *Endicott Johnson Corp.* 272 N. Y. 155; *Halberstadt* v. *N. Y. Life Ins. Co.,* 194 N. Y. 1.)

*Harold Ashare* and *John R. Vunk* for respondent. The determination of the issue of the manner of the termination of the criminal prosecution was decided by the jury in favor of the plaintiff. The jury, upon evidence to that effect, found that the complainant withdrew the charge. This was after the complainant had received payment of his bill. Complainant accomplished this by criminal proceedings. (*People* v. *Clougher*, 246 N. Y. 106; *Tousey* v. *Hastings*, 194 N. Y. 79; *Matter of Totten*, 179 N. Y. 112.)

FINCH, J. Whether there is proof that criminal proceedings against the plaintiff were terminated on the merits in his favor, or at the sole request of the complainant, so as to permit the maintenance of an action for malicious prosecution, is the question to be determined.

The defendant Maxim Bobinski, who had a chattel mortgage or mortgages on a maturing crop of the plaintiff, had him arrested and arraigned before a justice of the peace for an alleged violation of section 940 of the Penal Law. That section makes it a misdemeanor for a person who has executed a mortgage on personal property to sell, assign or otherwise dispose of any part of the property covered by the mortgage with intent thereby to defraud the mortgagee or the purchaser. This action for malicious prosecution arises out of the arrest.

"A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure." (*Burt* v. *Smith*, 181 N. Y. 1, 5.)

The one question on this appeal is the disposition of the criminal proceeding. The plaintiff cannot succeed if the criminal proceeding "has been terminated without regard to its merits or propriety by agreement or settlement of the parties." (*Halberstadt* v. *New York Life Ins. Co.*, 194 N. Y. 1, 11. See *Levy's Stores, Inc.,* v. *Endicott-Johnson Corp.*, 272 N. Y. 155; *Atwood* v. *Beirne*, 73 Hun, 547.

The record reveals no evidence even tending to show that the criminal proceeding was terminated in favor of the accused, or discontinued solely at the request of the complainant. All the evidence is to the effect that it was discontinued as the result of an agreement or compromise between the plaintiff and the defendant. When arraigned before the justice of the peace on August 17, 1936, the plaintiff pleaded not guilty, and refused to proceed without the aid of counsel. After it was learned that the plaintiff's counsel could not appear that evening, the plaintiff and the defendant reached an agreement which was reduced to writing. It provided in substance that the plaintiff agreed to allow the defendant for a period of one week commencing August 18th to send as much help as was necessary to the plaintiff's farm to remove the crops to an extent sufficient to satisfy all claims and debts owed by the plaintiff to the defendant. It further provided that a constable was to be furnished at the plaintiff's expense to see that all of the crop was delivered to the defendant. After entering into the agreement the criminal proceeding was adjourned to August 26th. On that day it was further adjourned to August 28th at the request of counsel for the plaintiff. On August 28th the parties appeared again before the justice of the peace, but counsel for the plaintiff failed to appear and, after waiting an hour, the justice of the peace suggested that the parties discuss the matter in an attempt to arrive at a settlement. An agreement was discussed, but the plaintiff, who is illiterate, refused to sign any written agreement. This agreement apparently was never reduced to writing. All the evidence, however, is to the effect that the parties did arrive at an oral agreement. The justice of the peace, the attorney for the complainant Bobinski, and Bobinski himself, all testified that an oral agreement was reached with the plaintiff in accordance with which the plaintiff was to have until November 1st to satisfy the chattel mortgage, and that

he was to do this by the sale of the mortgaged crop and any other produce. It was further agreed that whatever the plaintiff should sell during the two months' period should be sold to the defendant or the proceeds of sale to others should be turned over to the defendant; and that if the plaintiff needed any money to pay help or current expenses, the defendant would advance such money. The justice of the peace testified that it was on the basis of this agreement that the criminal proceeding was discontinued. There is an entry in the docket of the justice of the peace, which was made within a week after August 28th, which reads, "Agreement reached between plaintiff and def. Case discontinued."

There is no evidence in the record in conflict with this testimony concerning the oral agreement. There is no denial by the plaintiff that such an agreement was reached on August 28th. The plaintiff, although illiterate, had served as a juror and he apparently had little difficulty answering most questions. When interrogated concerning the oral agreement, he at first replied that he did not remember, and was confused as to the date. Finally, when asked whether he remembered having a talk in which it was stated that he was to have until November to complete payment on the mortgage, he replied that he remembered that they had given him two weeks to deliver the crop, but that the time given to him was two weeks and not two months.

Thus all the evidence in the case shows that the criminal proceeding was dismissed on the basis of an agreement between the parties. Under such circumstances the plaintiff is not entitled to maintain an action for malicious prosecution.

The judgments should be reversed and complaint dismissed, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgments reversed, etc.