ALEXANDER A. LOWANDE, Respondent, *v.* EISENBERG FARMS, INC., ALEXANDER EISENBERG, SAMUEL MANN and FIVE BORO MILK CAN EXCHANGE, Appellants.

First Department, June 19, 1940.

*Max Rothenberg*, for the appellants Eisenberg Farms, Inc., Alexander Eisenberg and Samuel Mann.

*Max Rothenberg* of counsel [*Arthur Weiss*, attorney], for the appellant Five Boro Milk Can Exchange.

*Maurice V. Seligson* of counsel [*Joseph J. Nista*, attorney], for the respondent.

O'MALLEY, J. The trial justice, a jury having been waived, directed judgment in favor of the plaintiff against all defendants upon the two causes of action pleaded — malicious prosecution and false arrest and imprisonment. The verdict so directed was a general one and there was no separation of damages with respect to the causes of action. If a recovery may not be sustained on one of these, there must be a reversal of the entire judgment. (*City of Buffalo* v. *D., L. & W. R. R. Co.*, 176 N. Y. 308, 311; *Altman* v. *Hofeller*, 152 id. 498; *Kezer* v. *Dwelle-Kaiser Co.*, 222 App. Div. 350, 354; *N. Y., N. H. & H. R. R. Co.* v. *Baldwin Universal C. Co.*, 219 id. 578.)

The criminal proceedings against the defendant (plaintiff herein) were initiated by the service of a summons in the Magistrates' Court. Upon his appearance in answer thereto, the plaintiff was placed under arrest in court after a long form complaint had been lodged against him. While the summons did not authorize an arrest, it nevertheless constituted criminal process and initiated the proceedings. (*City of Buffalo* v. *Neubeck*, 209 App. Div. 386, 389.) With the long form complaint and the arrest thereon, it amounted to an investigation by the court as to whether there was sufficient upon which to hold the plaintiff for trial.

Unquestionably, the court had jurisdiction of the crime charged. Whether the magistrate erred in holding the plaintiff, even though the charges might not be sustained, there could be no cause of action for false arrest and imprisonment predicated upon a dismissal. (*Vittorio* v. *St. Regis Paper Co.*, 239 N. Y. 148, and cases there cited.) This cause of action, therefore, should have been dismissed. We are further of opinion that the cause of action for malicious prosecution likewise should have been dismissed.

It is well settled that a criminal proceeding terminated as a result of a settlement or compromise, cannot give rise to an action for malicious prosecution. (*Zebrowski* v. *Bobinski*, 278 N. Y. 332; *Petersen* v. *Metropolitan Life Insurance Co.*, 245 App. Div. 825; *Follender* v. *Merl*, 242 id. 650; affd., 266 N. Y. 534.) In our opinion, the withdrawal of the complaint and the dismissal of the charges so resulted.

The complaint upon which the plaintiff was arrested accused him of a violation of the provisions of sections 362 and 364 of the General Business Law, in that he allegedly refused to surrender upon demand a large number of milk boxes and milk bottles, the property of the defendant Eisenberg Farms, Inc., upon which that firm's name had been impressed. The magistrate before whom the hearings were held conducted about ten sessions continuing

for a year. Before any final disposition was made, he died and finally the matter came on before another magistrate.

The plaintiff's attorney on the hearing stated that he did not claim ownership or the right to possession of the boxes or bottles, and that he did not care what action the court might take with respect thereto. After some discussion, the court suggested that he be authorized to direct the police, who had custody of the boxes and bottles, to turn them over to the complainants Abraham Tiger and Eisenberg Farms, Inc., and that the Eisenberg concern give a release to the plaintiff and the company for which he worked and withdraw the charge. The complainants' attorney stated that the plaintiff and his employer were not entitled to a release as they should not have taken possession of the property in the first instance. He further stated that there was "no right to a prosecution." Later, plaintiff's attorney said that he was not willing to accept a release and, if the court should make an order releasing the property to Eisenberg, it would do so on its own volition and without plaintiff's consent. When the magistrate stated that he was going to dismiss, the complainants' attorney protested and said that he would ask for an order to release the property and an adjournment so that the magistrate could decide the case upon the testimony.

Later, however, he stated that he would withdraw the complaint if the court would give an order for return of the property. Again plaintiff's attorney demurred and stated that he was afraid the plaintiff and his employer could not agree to this proposition.

When the court then stated that he would go on with the hearing, plaintiff's attorney stated he had a suggestion to make which was to the effect that he would accept a withdrawal if the complainants would sign a release so as to end possible future proceedings.

Ultimately, however, plaintiff's attorney stated: "I will accept the *offer* of the complainants and I ask for a formal order." (Italics ours.)

Upon agreement of complainants' attorney, the court stated: "Counsel for the complainant, Mr. Tiger, offers to withdraw both proceedings and sign a formal withdrawal upon *condition* that this Court sign an order directing the Property Clerk of the Police Department to return the seized property to Eisenberg Farms, Inc." (Italics ours.)

Upon the withdrawals being signed, they were accepted by the court and the proceeding dismissed.

It thus appears that the criminal proceedings against the plaintiff were terminated by way of settlement reached after offers and counter offers. The withdrawal of the complaint was not done

solely by the complainants. It was joined in by the plaintiff who, moreover, consented to the court's making an order directing the property clerk of the police department to return the boxes and milk bottles to Eisenberg Farms, Inc.

While the stenographer in the Magistrates' Court testified that there had been off-the-record discussions at the last hearing, he further testified that he had taken down and transcribed everything which the court and the interested parties desired to be made part of the record. The plaintiff's evidence was not to the effect that, as transcribed, the stenographic minutes were incorrect; nor did his evidence contradict the minutes in any way. The issue, therefore, should be determined in the light of the record of the Magistrates' Court which at that time was acceptable to all as sufficiently covering the dismissal of the complaint.

In our opinion this withdrawal of the complaint and dismissal of the proceedings were the result of a compromise and ultimately the criminal proceedings were terminated without regard to the merits or propriety of such disposition by an agreement of settlement. The magistrate stood ready, if the parties desired, to continue the hearings and to dispose of the matter on the merits.

Under such circumstances, there can be no recovery on the theory of malicious prosecution. (*Zebrowski* v. *Bobinski, supra.*)

It follows, therefore, that the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice.