JOHN B. CLARK, Appellant, *v.* PHILLIP E. NANNERY et al., Respondents.

Argued October 21, 1943; decided January 20, 1944.

*Edward A. Scott, Jr.,* and *John C. McEachen* for appellant. I. The uncontroverted and conceded facts establish three suc-

cessive false arrests and imprisonments and dismissal of the complaint was improper. (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276; *Snead* v. *Bonnoil*, 166 N. Y. 325; *Hopkins* v. *Clark*, 158 N. Y. 299; *People* v. *O'Conner*, 257 N. Y. 473; *People* v. *Marendi*, 213 N. Y. 600; *Livingston* v. *Livingston*, 246 N. Y. 234; *People* v. *Shanley*, 40 Hun 477; *Grinnell* v. *Weston*, 95 App. Div. 454; *West* v. *Cabell*, 153 U. S. 78.) II. The illegality of the arrest under the warrant was not cured by the subsequent charge and conviction for disorderly conduct. (*Hendrix* v. *Manhattan Beach Development Co.*, 181 App. Div. 111; *Snead* v. *Bonnoil*, 166 N. Y. 325; *Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296; *Beardsley* v. *Soper*, 184 App. Div. 399.) III. The defendants merely argue, but have wholly failed to allege or prove, that plaintiff was lawfully detained in Bellevue Prison for mental observation pursuant to the provisions of subdivision 2 of section 81 of the Mental Hygiene Law.

*Ignatius M. Wilkinson, Corporation Counsel (Joseph F. Mulqueen, Jr., and Paxton Blair of counsel), for respondents.* I. The first cause of action alleging false arrest was properly dismissed since there was nothing in the evidence to show that in law defendants Nannery, Halpin, Mullane, Leonhadt, and Griffin made or participated in the making of a false arrest. On the contrary, plaintiff's own testimony shows that he acted arbitrarily and abusively without lawful justification and was guilty of disorderly conduct, so that his arrest on this ground was not without cause. Furthermore, his conviction in a court of competent jurisdiction and the affirmance thereof established that he was guilty of the charge. (*Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310; *Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276; *Thompson* v. *Fisk*, 50 App. Div. 71.) II. The second cause of action alleging false imprisonment was properly dismissed since the plaintiff was lawfully held for psychiatric examination at Bellevue, having lawfully been sent there on the certification that he was " psycho ", and the procedure conformed to the provisions of subdivision 2 of section 81 of the Mental Hygiene Law, the applicable statute. Moreover it was judicially determined by a court of competent jurisdiction by its order dismissing the writ of habeas corpus and remanding plaintiff to the custody of the police, that he was not illegally

held. The failure of the plaintiff to appeal from that order renders it a final determination against the right to maintain the present cause of action. (*Roth* v. *Buffalo & State Line R. R. Co.,* 34 N. Y. 548.)

RIPPEY, J. Plaintiff brought this action to recover damages for false arrest and false imprisonment. At the close of the trial upon issues raised by the complaint and answers of the various defendants, a nonsuit was granted and the complaint dismissed. That disposition of the case has been approved by the Appellate Division, on appeal, by a divided vote.

On the afternoon of March 14, 1939, two officers in the Police Department of the City of New York were looking for one Gaffney who was under indictment for the crime of extortion. When they accosted plaintiff on suspicion that he might be the man they desired to apprehend and he refused to disclose his identity, he was taken by those and other officers into custody and forcibly removed in a patrol wagon to a police station where he was "booked" on a disorderly conduct charge. To one Nigra who was later called to the police station from the City Hospital to treat him for lacerations and other physical injuries which he had received during those transactions and who pronounced him "psycho", plaintiff promptly disclosed his identity. Nigra was not produced at the trial and could not be found. There was no evidence that he was a duly licensed physician or a psychiatrist or a duly licensed examiner. Without arraignment before a Magistrate or commitment, plaintiff was then taken by a police officer in the hospital ambulance to the prison ward of Bellevue Hospital where he was detained for a period of six days until discharged from custody of the hospital by the Supreme Court on a writ of *habeas corpus.* A written report was produced by the director of the hospital that no evidence of psychosis or mental deficiency had been discovered. Plaintiff was then returned by police officers to the station house and detained until arraignment before a Magistrate in night court on the disorderly conduct charge. He was then released by the Magistrate in the custody of his counsel and later tried and convicted on that charge.

At what time during the course of the foregoing proceedings and on what ground or charge the arrest was made, on what

ground or under what charge the subsequent detention was imposed, whether such arrest with or without detention was justifiable and what the facts were upon which the defense of probable cause was based, were, upon conflicting evidence and upon evidence upon which reasonable men might draw different inferences, questions for the jury to decide (*Burns* v. *Erben*, 40 N. Y. 463, 466; *Snead* v. *Bonnoil*, 166 N. Y. 325; *McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66). On whatever ground the arrest was made and detention imposed, the burden of establishing probable cause and justification rested on defendants (*Burns* v. *Erben, supra; Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 278). If the conduct of defendants toward plaintiff after the arrest was not legally justifiable, the arrest itself was rendered unlawful from the beginning " on the theory that the defendants were trespassers *ab initio* and so continued down to the time when the plaintiff was lawfully held under a warrant of commitment, regardless of whether or not the plaintiff was guilty of any crime " (*Hendrix* v. *Manhattan Beach Development Co.*, 181 App. Div. 111, 117; *Snead* v. *Bonnoil, supra*). Conviction on the disorderly conduct charge is not effective as a plea in bar (*Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310, 314).

The foregoing and, perhaps, other questions of fact which we do not pause to develop, on the record here, required consideration by the jury and it was accordingly error for the Trial Judge to take the case from the jury, nonsuit the plaintiff and dismiss the complaint. Whether defendants Mac-Cormick, Scully and Morgan are within the protection of section 81 of the Mental Hygiene Law should be determined upon the facts as they are developed upon the new trial.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LOUGHRAN, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., dissents and votes to affirm; DESMOND, J., dissents as to the respondents Scully, MacCormick and Morgan and votes to affirm the dismissal as to them on the ground that any acts of those defendants in respect to this plaintiff were in accordance with section 81, subdivision 2, of the Mental Hygiene Law; THACHER, J., taking no part.

Judgments reversed, etc.