WILLIAM VALLON, Plaintiff, *v.* JOHN J. RAMAGE, Defendant.

Supreme Court, Trial Term, New York County, November 9, 1949.

*Albert A. Bennin* for plaintiff.

*Simon Schechter* and *Louis R. Patur* for defendant.

Di Falco, J. Plaintiff sues defendant to recover damages for false arrest and malicious prosecution. The testimony and evidence reveals that on March 23, 1948, defendant obtained a summons from the Magistrate's Court charging plaintiff with disorderly conduct; that a police officer Patten accompanied defendant the next day, March 24, 1948, when the summons was served on plaintiff; that officer Patten left after the service; that later in the day defendant appeared at the police station and to the officer in charge thereof charged plaintiff with an assault; that defendant was advised by such officer to see police officer Patten, who, after conversations with the defendant and with the officer in charge at the police station, went to plaintiff's room at defendant's premises and there arrested him. Plaintiff thereupon was taken to the station house where he was detained for several hours and then taken to the Magistrate's Court, detained there for some time, and before the Magistrate there presiding defendant subscribed and made oath

to a complaint charging plaintiff with the crime of assault. The Magistrate without hearing or taking of testimony paroled plaintiff in his attorney's custody pending formal arraignment at the Downtown Magistrate's Court on March 31, 1948, at which date plaintiff appeared, waived examination, whereupon the Magistrate again without hearing or taking of testimony continued plaintiff's parole pending further proceedings on defendant's complaint in the Court of Special Sessions. It further appears that in the Court of Special Sessions defendant caused information to be filed against plaintiff charging him with the crime of assault and procured plaintiff to be arraigned before said court and to plead to said information; that on April 19, 1948, plaintiff appeared, pleaded not guilty, his parole was continued, trial set for May 12, 1948, adjourned thereafter to June 2, 1948, at which date the matter came on for trial at the Court of Special Sessions and upon such trial plaintiff was duly acquitted of the charge and discharged from arrest.

The complaint herein pleads an action for false arrest and malicious prosecution, although they are commingled and not separately stated. The answer is a general denial. No objection was raised, as to the form of the pleading and hence any error, if any, in stating two causes of action in the same complaint without separating them as required by the code has been waived (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 277).

A recital of the facts adduced upon the trial would be somewhat burdensome. It should be noted, however, that the relationship of the parties herein is that of landlord and tenant, defendant being the landlord and plaintiff the tenant. This relationship is a circumstance which has strong bearing upon the facts, as the troubles of the parties, which finally culminated in the situation involved herein, was created originally by defendant's claim against plaintiff for payment of a bill of $182.36 for use of electricity. Plaintiff claims that defendant's charge of assault was false, without probable cause and maliciously inspired in an unwarranted attempt to coerce plaintiff into paying the unjustified and excessive charge for electricity.

From the evidence and testimony before me must be decided factual questions. In *Clark* v. *Nannery* (292 N. Y. 105, 107–108) it is stated by RIPPEY, J., as follows: " At what time during the course of the foregoing proceedings and on what ground or charge the arrest was made, or what ground or under what charge the subsequent detention was imposed, whether said arrest with or without detention was justifiable and what the facts were upon which the defense of probable cause was based,

were, upon conflicting evidence and upon evidence upon which reasonable men might draw different inferences, questions for the jury to decide (*Burns* v. *Erben,* 40 N. Y. 463, 466; *Snead* v. *Bonnoil,* 166 N. Y. 325; *McDonald* v. *Metropolitan St. Ry. Co.,* 167 N. Y. 66). On whatever ground the arrest was made and detention imposed, the burden of establishing probable cause and justification rested on defendants (*Burns* v. *Erben, supra; Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276, 278)''.

The degree of proof required in actions such as we are concerned with here is succinctly stated in *Schultz* v. *Greenwood Cemetery* (*supra,* p. 278) as follows:

'' The causes of action set out in the complaint are governed by different rules. An action against an officer \* \* \* known as an action for false imprisonment, may be justified by proof that a crime was committed and that he had reasonable ground to suspect that the person arrested was the offender; the arrest being made in good faith and without evil design. The action is in the nature of a trespass for a direct wrong or illegal act, in which the officer and defendant must have personally participated by direct act or indirect procurement. The gist of the action is an unlawful detention, the burden of proof to establish probable cause for the arrest, or reasonable ground for suspicion, is upon the defendant. (*Burns* v. *Erben,* 40 N. Y. 463.)

'' An action for malicious prosecution against an officer or other person may be defended by proof of reasonable and probable cause for the prosecution and the burden of proving want of probable cause is upon the plaintiff. The plaintiff must allege and prove, not only the want of probable cause for the prosecution, but also that it was inspired by malice. (*Besson* v. *Southard,* 10 N. Y. 236; *Heyne* v. *Blair,* 62 N. Y. 19; *Thaule* v. *Krekeler,* 81 N. Y. 428; *Anderson* v. *How,* 116 N. Y. 336; *Willard* v. *Holmes, Booth & Haydens,* 142 N. Y. 492.) In either case the action is defended whenever the facts and circumstances stated have been established, though it may turn out that the person arrested or prosecuted was innocent. It is not necessary for the defendant in this class of actions to establish that the person arrested was actually guilty.'' (See, also, *Freedman* v. *New York Soc. for Suppression of Vice,* 248 App. Div. 517, and *Clark* v. *Nannery,* 292 N. Y. 105, *supra.*)

While the general rule of law is to the effect that the holding of an accused by a magistrate *after examination into the facts* [italics mine] is prima facie evidence of probable cause for the prosecution (*Graham* v. *Buffalo Gen. Laundries Corp.,* 261 N. Y.

165), such rule is not applicable here where there was no hearing or testimony before the Magistrate. The plaintiff appeared before the Magistrate, waived examination and was paroled in his attorney's custody. In *Hodge* v. *Skinner* (254 App. Div. 42) it is stated: "It is our conclusion that the allegations in plaintiff's complaint that he waived examination before the magistrate, and gave bail to await the action of the grand jury, were not a showing of probable cause, and that there is no admission of probable cause in the complaint." (P. 46.) "The magistrate is without power to proceed with an examination of the merits of a charge, to take proof, or to make any finding, if the defendant 'waives examination and elects to give bail.' While he may examine witnesses conditionally and preserve their testimony, he is without power to make a finding whether or not a crime has been committed, or the accused probably guilty thereof. The accused is given by the statute an election of the tribunal which shall hear the charge against him, and make the necessary finding." (P. 45.) See, also, *People ex rel. Anderson* v. *Superintendent of Creedmoor State Hosp.*, 40 N. Y. S. 2d 84, 89; Sealy on Torts, § 134, wherein it is stated: "The fact that a magistrate held the accused *after examination* [italics mine] into the facts is prima facie evidence of probable cause for the prosecution."

In my opinion the waiver of examination before the Magistrate, as occurred in the case at bar, did not establish prima facie evidence of probable cause under such authorities as *Schoultz* v. *Republic Chemical Corp.* (52 N. Y. S. 2d 310) and *Stern* v. *Rindeman* (247 App. Div. 345) cited by defendant. Examination of these authorities reveals that both were decided on motions to dismiss the complaints on the pleadings; in the *Stern* case (*supra*) the official report does not show how much of a hearing was conducted or what evidence or testimony was presented in " the magistrate's hearing "; in the *Schoultz* case (*supra*) the complaint was dismissed because " no such waiver of examination is alleged in the complaint." The distinction appears to be that the holding of the accused by a magistrate *after an examination into the facts* [italics mine] is prima facie evidence of probable cause for the prosecution, for in such cases as *Hopkinson* v. *Lehigh Valley R. R. Co.* (249 N. Y. 296), and *People ex rel. Anderson* v. *Superintendent of Creedmoor State Hosp.* (40 N. Y. S. 2d 84, 89) the waiver was made after an examination into the facts had been conducted. In *Greene* v. *Bowery Sav. Bank* (274 App. Div. 777–778), it is stated: " The adjournment of her hearing by the magistrate before whom

she was brought to October 1, 1945, on which date the charge was dismissed, did not establish the existence of probable cause under such authorities as *Hopkinson* v. *Lehigh Valley R. R. Co.* (249 N. Y. 296) ; *Stern* v. *Rindeman* (247 App. Div. 345) or *Lowande* v. *Eisenberg Farms, Inc.* (260 App. Div. 48, affd. 286 N. Y. 634)."

I conclude, therefore, that the authorities relied upon by defendant are distinguishable and that defendant's position, that the waiver of examination before the Magistrate constituted prima facie evidence of probable cause, is untenable.

With these principles of law in mind, certain facts are predominant in my determination upon which the principles enunciated have controlling application. It is clear from the evidence that defendant instigated, procured and participated in the arrest of plaintiff; that probable cause was not sufficiently proved; that no hearing was held by the Magistrates nor any testimony taken. It is also clear that the relationship of the parties as landlord and tenant and proof of defendant's constant demands upon plaintiff to pay sums for electricity, which sums defendant failed to justify in his testimony, all have decisive bearing upon defendant's motives, leading to the conclusion that defendant's acts were motivated by a desire to obtain payment of the electricity bill.

Other testimony, bearing upon defendant's motives, was his admission that he had caused a violation to be placed on his own property and that he sent plaintiff a copy of the violation together with a bill for the sum of $182.36 about two weeks after the date of the violation notice; that one week after plaintiff refused to pay, defendant obtained the summons from the Magistrate's Court and when served upon plaintiff next day refused to tell plaintiff the nature of the charge, and again that evening, in Night Court, refused to tell plaintiff's counsel the nature of the charge; that on the return date of the summons, April 2, 1948, defendant advised the Magistrate that it related to some incident which occurred in *December, 1947*. Plaintiff's testimony stands uncontradicted that, in the Magistrate's Court and in the Court of Special Sessions, defendant offered to withdraw the charge if plaintiff paid the electricity bill. Even were not actual malice proved by plaintiff, the court may infer same from the lack of probable cause for the prosecution (*Grinnell* v. *Stewart,* 32 Barb. 544; *Rosen* v. *Stein,* 54 Hun 179; *Beardsley* v. *Soper,* 184 App. Div. 399; *Dean* v. *Kochendorfer,* 237 N. Y. 384). Plaintiff adequately proved want of probable cause and malice on the part of defendant, and defendant failed to establish probable cause for the arrest.

Plaintiff testified that he paid his attorney the sum of $200 to defend him and to obtain his discharge from arrest. This constitutes a recoverable item of damage (Sealy on Torts, § 127; *Worden* v. *Davis,* 195 N. Y. 391; *Allen* v. *Fromme,* 195 N. Y. 404).

Having given most careful consideration to all the testimony and exhibits and having observed the witnesses, I am of the opinion that plaintiff's version of the facts has been amply established. Accordingly, I find for the plaintiff against the defendant for the sum of $500 on each of the causes of action (*Lowande* v. *Eisenberg Farms,* 260 App. Div. 48), and direct the clerk of the court to enter judgment accordingly in the sum of $1,000 against the defendant. Defendant's motions to dismiss, on which decision was reserved, are in all respects denied. The foregoing are the facts found by me and constitute the decision of the court as required by section 440 of the Civil Practice Act.