Harry Kaye, Plaintiff, v. Irwin A. Shane et al., Defendants.

Supreme Court, Special Term, New York County, January 21, 1953.

*Sale & Sale* for defendants.

*Sidney H. Rosen* for plaintiff.

Dickstein, J. Motion for reargument is granted. Upon such reargument the original decision is recalled and defendants' motion to dismiss the first cause of action of the amended complaint is granted. The first cause sounds in unlawful arrest and false imprisonment. Although there are general allegations that defendants caused and procured plaintiff's arrest, these allegations are found in conjunction with allegations that the arrest was made after a magistrate had ordered a complaint. If the arrest followed action by a magistrate, defendants cannot be held liable for false arrest and imprisonment, whatever their liability might be for malicious prosecution. In the cases of *Vallon* v. *Ramage* (196 Misc. 740); *Zeichner* v. *Pludwin* (81 N. Y. S. 2d 300), and *Davern* v. *Drew* (153 App. Div. 844, affd. 214 N. Y. 681) (relied upon by plaintiff), the arrests were made by police officers at the instigation or procurement of the defendants. However, where a court has authorized an arrest, the acts of the court are not those of the complainant in the case and there can be no charge against him for false imprisonment. (See Prosser on Torts, p. 74, and Salmond on the Law of Torts

[10th ed.], p. 332.) The first cause of action is deficient in not alleging how plaintiff was arrested, i.e., whether arrested under valid process or by a police officer at the instigation and procurement of the defendants.

The complaint should inform the defendants of the charges they are to meet and not obscure them in ambiguity. The present pleading, in the first cause of action fails to allege sufficiently the facts upon which the conclusory statements, that defendants procured the arrest of the plaintiff, are based.

The first cause is therefore dismissed with leave to plaintiff to serve a further amended complaint, if he is so advised, which shall adequately plead the facts concerning plaintiff's arrest, within twenty days after service of a copy of the order to be entered hereon, with notice of entry. Settle order.