### KOZLOWSKI v. FERRARA.

United States District Court
S. D. New York.
Jan. 6, 1954.

Frank L. Silverman, New York City, Robert J. Keegan, Jr., New York City, of counsel, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, Robert W. Sweet, Asst. U. S. Atty., New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and Rule 9 of the General Rules of this court to dismiss the amended complaint, and in the alternative for an order requiring the plaintiff to state separately and number his claims properly pursuant to Rule 10(b) of the Federal Rules of Civil Procedure.

The amended complaint alleges in general terms causes of action for false arrest and malicious prosecution against the defendant, a special agent of the Federal Bureau of Investigation. It states, inter alia, that the defendant, without reasonable cause, arrested the plaintiff without a warrant on September 13, 1948, and charged him with the theft of freight being shipped in interstate commerce; that the plaintiff was brought before a United States Commissioner where he waived preliminary examination and was held until released on bail; that the complaint was later dismissed before any action was taken by the Grand Jury.

In support of his motion to dismiss, defendant urges (1) that the complaint makes evident that the defendant was acting solely in the performance of his duties as an F. B. I. agent, and hence he is immune from suit, and (2) that the complaint establishes that the plaintiff waived his right to a preliminary hearing and was held by the Commissioner for the Grand Jury, and as a result probable cause is shown to justify the defendant's actions.

In support of his contention that he is immune from civil suit as an agent of the F. B. I., defendant cites numerous cases which hold that federal officers are not subject to personal liability for acts done in the performance of their appointed duties. See e. g. Gregoire v. Biddle, 2 Cir., 1949, 177 F.2d 579; certiorari denied 1950, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363.

The principle, however, has generally been applied to immunize officials in higher positions of responsibility than the present defendant. Cf. Yaselli v. Goff, 2 Cir., 1926, 12 F.2d 396, 56 A.L.R. 1239, affirmed 1927, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395; Gregoire v. Biddle, supra. In only one case does it appear that an agent of the F. B. I. was accorded such immunity, and there the decision rested on the conclusion that his actions were clearly within the scope of his official duties. Cooper v. O'Connor, 1938, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, certiorari denied 1938, 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414.

■ Agents of the F. B. I. are empowered by statute to arrest without a warrant where they have "reasonable grounds to believe that the person arrested is guilty of (a) felony and there is a likelihood of his escaping before a warrant can be obtained for his arrest." 18 U.S.C.A. § 3052. Whether an agent is acting within the scope of his prescribed duties depends on whether, in arresting without a warrant, he had reasonable grounds—that is, probable cause—for his actions, as required by the statute. See Barrett v. United States, 7 Cir., 1936, 82 F.2d 528.

■ Defendant's first contention, therefore, cannot stand alone. Its validity depends on the merits of his further assertion that plaintiff's waiver of a preliminary hearing before a United States Commissioner and his subsequent detention until bail was raised was tantamount to a finding by the Commissioner of probable cause justifying the defendant's actions.

■ Defendant urges that New York law applies in determining whether such a waiver and detention are the equivalent of a finding of probable cause. The cases cited as authority for such a proposition are, however, inapplicable. In each of the cited cases, the action complained of was taken either by state officials or private parties, under state law. And in each case, apparently, federal jurisdiction in the subsequent suit for malicious prosecution or false imprisonment was based on diversity of citizenship. Ravenscroft v. Casey, 2 Cir., 1944, 139 F.2d 776, certiorari denied, 1944, 323 U.S. 745, 65 S.Ct. 63, 89 L.Ed. 596; Leggett v. Montgomery Ward & Co., 10 Cir., 1949, 178 F.2d 436; Van Sant v. American Express Co., 3 Cir., 1946, 158 F.2d 924, reversed on other grounds, 3 Cir., 1948, 169 F.2d 355. In the present case, the arresting officer was a federal agent, and the waiver of a hearing was performed before a federal commissioner. This action, which was originally brought in the New York Supreme Court, was removed to the federal court not on the grounds of diversity, but under the provisions of 28 U.S.C.A. § 1442(a) (1), as an action against an officer of the United States. I am not therefore bound by the law of New York in deciding whether the present complaint shows probable cause for the defendant's action and is therefore a bar to the plaintiff's claim. Cf. dissenting opinion of Judge Rice in Leggett v. Montgomery Ward & Co., supra, 178 F.2d at pages 439–440.

■ The waiver of a hearing by the present plaintiff and his detention until he raised bail was not of itself tantamount to a finding of probable cause. While many authorities support the proposition that the finding of probable cause and the detention of an accused by a magistrate *after a hearing* bars an action for malicious prosecution or false arrest, 14 A.L.R.2d 312, they do not support the proposition that the same effect should be given to a waiver of a hearing by an accused and his subsequent detention.

■ Having waived a hearing, the accused may not object to his being held for a Grand Jury. But at the same time, a waiver is not regarded as the equivalent of a finding by a duly constituted authority of probable cause, barring an action against the arresting officer, if in fact there has been no such finding. The waiver is at most prima facie evidence of probable cause, and does not

destroy the general averment of want of probable cause in the complaint. Seaboard Oil Co. v. Cunningham, 5 Cir., 1931, 51 F.2d 321, certiorari denied 1931, 284 U.S. 657, 52 S.Ct. 35, 76 L. Ed. 557.

Even if the law of New York were controlling in this determination, as defendant contends, I think the result would be the same. There is apparently a conflict in the lower courts in New York over the question of waiver as equivalent to a finding of probable cause which bars actions for malicious prosecution and false arrest. Stern v. Rindeman, 1st Dept.1936, 247 App.Div. 345, 287 N.Y.S. 412; Hodge v. Skinner, 3d Dept.1938, 254 App.Div. 42, 4 N.Y.S.2d 406; Vallon v. Ramage, N.Y.Co.1949, 196 Misc. 740, 93 N.Y.S.2d 56. The Stern case seems at first blush to support the defendant's position but it has never been explicitly approved on the point in question. On the contrary, the Hodge and Vallon decisions are well-reasoned opinions which repudiate the view that waiver of a hearing should bar a subsequent action for malicious prosecution or false arrest.

■ It is to be borne in mind that this Court is dealing merely with the sufficiency of a cold complaint standing by itself. There is not before me a motion for summary judgment nor is there a proceeding which calls for an adjudication of this litigation on the merits. Upon the argument of this motion I indicated that I look with disfavor upon actions for false arrest and malicious prosecution brought against public officers who perform their duty conscientiously. Judge Learned Hand sounded a warning when he stated in Gregoire v. Biddle, supra, 177 F.2d at page 581:

"Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith."

The courts should bend every effort to insure the fearless and effective administration of the law by protecting their enforcement officers from vindictive and retaliatory damage suits. This protection is particularly due the representatives of the Federal Bureau of Investigation who have over the years established their integrity, bravery and complete devotion to the public interest and protection of that public. Otherwise, as Judge L. Hand cautioned in the Gregoire case, supra, 177 F.2d at page 581, to submit officials "to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties."

■ This Court, however, is under a clear mandate from the Court of Appeals, for the Second Circuit, not to dismiss a complaint for insufficiency unless it clearly appears that by no stretch of the imagination is plaintiff entitled to any relief for the claim asserted in his complaint. Judge Frank stated it thus in the Virgin Islands Corporation v. W. A. Taylor & Co., 2 Cir., 1953, 202 F.2d 61, at page 65:

"A motion to dismiss a complaint, without the aid of anything except the complaint itself, is usually a most undesirable way for a defendant to seek a victory. For, on such a motion, the court must construe the complaint's language in a manner most favorable to the plaintiff; and, if that language is at all ambiguous, seldom will it, when thus generously construed, fail to show a cause of action."

See also Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774; 2 Moore's Federal Practice, p. 2245.

It is clear that the liberal pleading practice existing in the federal court, leaves no alternative but to deny the defendant's motion to dismiss the complaint. It is entirely another proposition as to whether the plaintiff will be able to withstand a motion for summary judgment or, upon the merits, a dismissal of the complaint.

■ Defendant's alternative motion for an order requiring the plaintiff to state separately and number his claims properly pursuant to Rule 10(b) of the Federal Rules of Civil Procedure is also denied. Count 1 of the complaint is primarily intended to state a claim for false arrest, although it also contains averments which are the ingredients of a claim for malicious prosecution. Count 2 is intended to state a claim for malicious prosecution. While some of the averments in Count 1 might more appropriately be incorporated in Count 2 alone, I think the complaint sufficiently informs the defendant of the nature of the charges he must face, and that an order requiring the plaintiff to state his claims separately is unwarranted. The defendant will have an opportunity to examine plaintiff fully by depositions or interrogatories, and will be able to utilize pre-trial in order to inquire fully into plaintiff's claim.

The defendant's motions are denied.