DALE SHEETS, Appellant, *v.* HOTELS STATLER COMPANY, INC., Respondent.

First Department, December 13, 1955.

*Paul O'Dwyer* of counsel (*Leon Hershbaum* with him on the brief; *O'Dwyer & Bernstein,* attorneys), for appellant.

*Archie B. Morrison* of counsel (*Robert A. Dwyer* with him on the brief; *William S. O'Connor,* attorney), for respondent.

Cox, J. The complaint charges defendant with unlawfully causing plaintiff's arrest. At the close of plaintiff's case, the Trial Judge denied defendant's motion to dismiss the complaint. At the end of the entire case, however, the trial court directed a verdict for defendant. It is from that direction that plaintiff appeals.

Plaintiff, fifty-two, a salesman employed by an electronic sales company, traveled primarily in the midwest. On January 18, 1950, he registered at defendant hotel where he had been a guest on previous occasions. He brought with him his baggage consisting of about fifteen pieces. After being there three or four days, he claims he told the manager that he was going to make a brief trip to Pennsylvania. Several days after he left, he telephoned defendant and asked that he be checked out because he did not want to run up a big bill. He said he would return in a few days. Plaintiff did not return until almost two months later. In the meantime his account was marked " skip account " and his baggage had been placed in a checkroom for " skipped accounts."

During plaintiff's absence he had been committed to the Central State Hospital in Indiana. Later, plaintiff's employer ascertained the amount of the bill and gave plaintiff a check payable to him and indorsed by him for the amount of the bill. On March 14, 1950, plaintiff returned to the hotel and presented the check. He was brought to the credit manager's office where he was questioned concerning the validity of the check. There were present three city detectives. Plaintiff claims defendant's

manager said to the detectives: " Take him and lock him up. This check is phoney." Plaintiff was then taken from the credit manager's office to the police station where he was questioned, fingerprinted, photographed and booked on a charge of attempting to pass a bad check. He was placed in a cell overnight and the next morning appeared in the lineup. Later that afternoon he was sent to the Cleveland State Hospital and eventually returned to the mental hospital in Indiana.

Defendant contends that it had been informed of plaintiff's commitment. It is their claim that plaintiff was taken into custody not at defendant's or any of its employees' direction but by the police because he was an escapee from a mental institution in Indiana. The police admit booking him for investigation in connection with a bogus check and further state that the arrest was made on their own initiative and not on the complaint of the hotel.

There is presented here a question of fact upon which a jury should have passed (*Clark* v. *Nannery*, 292 N. Y. 105; *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245; *Wearever Upholstery & Furniture Corp.* v. *Home Ins. Co.*, 286 App. Div. 93). Under the circumstances, the judgment should be reversed and a new trial ordered.

In view of this result, the appeal from the order denying plaintiff's motion to set aside the directed verdict and for a new trial becomes academic and is dismissed.

PECK, P. J., COHN, BOTEIN and RABIN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event, and the appeal from the order, having become academic, is dismissed.