FLORENCE E. BONNAU, an Infant, by ALBERT LUTZ, Her Guardian ad Litem, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 29891.)

Fourth Department, May 2, 1951.

*Michael Yust* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor General* and *John R. Davison* of counsel), for respondent.

*Per Curiam.* This is an appeal from a judgment of the Court of Claims dismissing the claim of an eighteen-year-old girl for damages as a result of a false arrest and imprisonment. Having retired for the night, as had the rest of the household, at the home of her aunt and uncle near Utica, N. Y., claimant was awakened at 11:30 P.M. and taken from the house by a member of the State Police. She was driven to the Utica City Jail, where she was booked, charged with the " crime " of being a " runaway," taken to the women's quarters, searched by the matron, and locked up with another female prisoner until approximately nine-thirty the following morning. Ordered released from the city jail by the State Police, claimant was then taken to the State Police barracks nearby, where, in order to gain her freedom, she was forced to execute a release to the State Police, releasing the captain and members of Troop D from liabilities as a result of her arrest on a charge of being a " Wayward minor, in violation of Sec. 913-a, Criminal Code."

The arrest and imprisonment were admittedly without warrant, order of commitment or other process. The law presuming such an arrest and imprisonment unlawful, the burden of proving justification rested on the State. (*Clark* v. *Nannery,* 292 N. Y. 105; *Schultz* v. *Greenwood Cemetery,* 190 N. Y. 276; *Burns* v. *Erben,* 40 N. Y. 463.) This the State failed to do, weakly attempting justification by testimony to the effect that the State Police were acting under instructions from claimant's father, who had complained to his local chief of police that the girl had left home without his permission. That the State Police received any such instructions does not appear from the record. Particularly significant and convincing is the fact that the State did not offer the obvious and most direct evidence available — the testimony of the actors. Not one member of the State Police was sworn.

Claimant had committed no crime. No charge of crime had been made against her nor had any warrant issued. She made a prima facie case; the State's proof does not weaken it. The judgment should be reversed upon the law and facts, with costs, and judgment should be directed in favor of claimant in the sum of $2,000.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the claimant for the sum of $2,000. Certain findings of facts and conclusions of law disapproved and reversed and new findings and conclusions made.