John E. Cone, J.
Plaintiffs move for an injunction pendente lite restraining the police commissioner of the City of New York from issuing summonses for alleged violations of the 16 Sabhath Laws.” The defendant cross-moves to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.
The complaint in substance alleges that the plaintiffs operate concessions within a structure of a “ Farmers Market that they received summonses for violations of the “ Sabbath Law ” for having transacted business at their concessions on Sunday, January 27, 1957, but at the trial in the Court of Special Sessions in the city of New York they were acquitted; that on March 3,1957, the plaintiffs were again served with summonses for doing the identical acts as that which resulted in their acquittal previously; that the conduct of the defendant is in disregard of the decision of the Court of Special Sessions and is calculated to harass the plaintiffs and to destroy plaintiffs’ business; that the defendant threatens to issue additional summonses to the plaintiffs based upon the identical facts and that if the defendant is not restrained plaintiffs will suffer irreparable damage.
In Reed v. Littleton (275 N. Y. 150) the court said at page 153: “ The court of equity has at times been called upon to enjoin the enforcement of a criminal prosecution. The rule has been firmly established that it will not ordinarily intervene to enjoin the enforcement of the law by the prosecuting officials (Davies v. American Society, 75 N. Y. 362; Delaney v. Flood, 183 N. Y. 323) unless under proper circumstances there would be irreparable injury, and the sole question involved is one of law (Mills Novelty Co. v. Sunderman, 266 N. Y. 32) where a clear legal right to the relief is established (Triangle Mint Corp. v. Mulrooney, 257 N. Y. 200) ”.
Thus, in an action by an operator of an auto laundry to enjoin the police commissioner from interfering with the operator’s business by prosecuting him for a violation of the “ Sabbath Law,” this court in Jiffy Auto Laundry v. Monaghan (118 N. Y. S. 2d 189) denied injunctive relief even though the operator had previously been acquitted on an identical charge. The court (p. 191) said: “ Cogent reasons exist in the instant case why the relief requested should be denied. No appeal is afforded the people from the dismissal in the Magistrate’s Court. It is possible that another Magistrate * * * may come to another conclusion.” It would also appear that the decision of the Magistrate in the first prosecution would not and could not be binding as res judicata in a subsequent prose-* cution where the proof might be different.
*982 Even if were were able to say that it is impossible to see from the facts presented upon what ground the police could claim that the plaintiffs were violating the Sabbath laws, it would not make any difference in arriving at the conclusion that the injunction may not be granted (Suesskind v. Bingham, 125 App. Div. 787; Eden Musee Amer. Co. v. Bingham, 125 App. Div. 780).
The courts, which are the ultimate guardians of our liberty, however, should not tolerate any conduct which is wanton, arbitrary or vicious. But where the conduct of the police represents an honest effort in maintaining adequate and total law enforcement to protect the public morals and safety, allowance must be made for occasional possible faulty judgment. In our city adequate law enforcement is complicated and enhanced in difficulty by its millions of people and the police must be constantly alert for all emergencies. Under such circumstances our courts are reluctant to further impede their duties by subjecting their honest judgment to review and restraint by way of injunctions.
Accordingly, the motion for temporary injunction is denied and the cross motion for dismissal of the complaint is granted.