Froessel, J.
In this action to recover damages for assault, false arrest and false imprisonment, defendant rested entirely on plaintiff’s case. The testimony of plaintiff, which is fully corroborated by that of the Avitness Morris, does not give rise to conflicting inferences, is not contradicted by direct evidence, is not opposed to the probabilities, nor in its nature surprising or suspicious. Under these circumstances, the trial court properly withdrew from the jury the issues of assault, false arrest and imprisonment (Hull v. Littauer, 162 N. Y. *33 569, 572; Der Ohannessian v. Elliott, 233 N. Y. 326, 329; St. Andrassy v. Mooney, 262 N. Y. 368; 6 Carmody-Wait, New York Practice, p. 714; cf. Piwowarski v. Cornwell, 273 N. Y. 226, 229; Ferris v. Sterling, 214 N. Y. 249, 253; Salomone v. Yellow Taxi Corp., 242 N. Y. 251, 257-258; Kavanagh v. Wilson, 70 N. Y. 177,179).
Moreover, since the arrest and imprisonment of plaintiff were admittedly without a warrant, the presumption arises that such arrest and imprisonment were unlawful, and the burden of proving justification rested on defendant (Bonnau v. State of New York, 278 App. Div. 181, 182, affd. 303 N. Y. 721; Clark v. Nannery, 292 N. Y. 105, 108; Schultz v. Greenwood Cemetery, 190 N. Y. 276, 279). Defendant, however, made no attempt to meet this burden, and “ by no rational process could the trier of the facts base a finding in favor of the defendant [on these issues] upon the evidence here presented” (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 245). The court, therefore, properly charged as a matter of law that these torts had been committed. Furthermore, since defendant merely pleaded a general denial, and no affirmative defense, it would have been precluded from introducing evidence of justification even if it had sought to do so (Peterson v. New York Cons. R. R. Co., 230 N. Y. 566; Gill v. Montgomery Ward & Co., 284 App. Div. 36, 39).
The uncontradicted testimony presented by and on behalf of plaintiff, which in these circumstances must be deemed conclusive, likewise left no question of fact for the jury as to the assault (Der Ohannessian v. Elliott, supra; St. Andrassy v. Mooney, supra). The extent of the assault merely went to the question of damages, and that issue was properly left to the jury, together with the question of whether Davies acted within the scope of his authority as defendant’s agent.
Accordingly, the order appealed from should be reversed, and the matter remitted to the Appellate Division, pursuant to sections 602 and 606 of the Civil Practice Act, for determination of the questions of fact passed upon by the jury and raised in that court, with costs to abide the event.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
Order reversed, etc.