J. Courtney MoGroarty, J.
Petitioner, Gilbert D. Haroche, seeks a judgment pursuant to article 78 of the CPLR enjoining, restraining and prohibiting the Police Commissioner from serving summonses upon its employees, and otherwise interfering with the business of petitioner’s corporations, Liberty Travel Service, Inc., et al., for alleged violations of section 5 of the General Business Law (Sabbath Law, formerly Penal Law § 2143).
In essence, although not so stated, the underlying purpose of this proceeding is to obtain a declaration that the business of *192 the plaintiff’s corporations is a “work of necessity ”, and as such exempted from the labors prohibited by section 5 of the General Business Law.
A brief exposition of the background as revealed upon the trial of this matter will serve to bring into focus the facts and contentions of both sides to this controversy, it being noted that the opposition by the Police .Commissioner is most vigorous.
The petitioner is the president of several domestic corporations engaged in the travel business, at various locations within the City of New Tork. Travel bookings, hotel reservations and other such services, in single or package form, are made and tickets issued for plane, steamer or bus and hotel. Some, though not all, of the corporations’ offices in the City of New York remain open for business on Sunday. As a consequence, during the past eight years, 11 summonses have been served by the Police Department for alleged violations of section 5 of the General Business Law. Of these, 10 have been dismissed and one is presently pending, having been adjourned on consent, awaiting the outcome of the present application.
It was stipulated in writing between counsel among other things, that Liberty Travel Service, Inc. is an authorized agent of the scheduled airlines licensed by Civil Aeronautics Board and arranges package tours via various airlines, steamships, railroads and buses; that most travel agencies in New York City, as well as airline local offices (not terminals), are also closed on Sunday; that a letter was sent by petitioner to the Police Commissioner on June 29, 1967, requesting him to cease and desist from issuing further summonses as the travel business is a work of necessity and that the 10 Criminal Court dismissals established this as a bar by way of res judicata and collateral estoppel. The letter was accompanied by a memorandum of law. The answer of the Police Commissioner rejecting the request is dated August 7, 1967. Also included in the stipulation, is an itemized account of the inception and disposition of each of the 10 summonses served upon the corporate employees.
A review of the Criminal Court dismissals or acquittals shows that each of them was based on the dismissal of the first three cases, heard together on May 17, 1963, before Queens County Criminal Court Judge Koehler, Docket Nos. 6247, 6248 and 6336. Two later charges, Docket Nos. 17716 and 18301, came on for trial before Judge Bloom, who found that transportation is a matter of necessity and falls within the express exclusion of the “ Penal Law ”, and dismissed both complaints against the defendant, Stuart Lopata (employee of Liberty). *193 With respect to three other charges, Docket Nos. 7-37597, 7-38595 and 7-38607, all of 1965, Criminal Court, Kings County, Criminal Court Judge Fagan, held on March 10, 1966, that: ‘1 People must travel on Sundays as well as on weekdays. * * * The travel agency is the representative of a great many companies engaged in this field. Under the circumstances, it is my opinion that the business in which the defendant is engaged is a work of necessity. I find the defendant not guilty in each case.”
In two later cases, on May 17, 1967, Docket Nos. 6030 and 32434, Kings County Criminal Court Judge Thomas Cullen was apprised of the prior acquittals. Assistant District Attorney Abrams there stated that he had been instructed by the chief of the law division, Kings County District Attorney’s office, to say that in his opinion, a conviction would be reversed on appeal in view of the past history of dismissals. Judge Cullen then dismissed both of the complaints. Parenthetically, that record contains an admonition by the Assistant District Attorney to the police officers to tell their Captain that if he served summonses, the District Attorney would not prosecute, so it was senseless to continue serving summonses. Much the same colloquy and consequent dismissal took place in Bronx County Criminal Court on June 26, 1967, Docket No. 9238. There, Criminal Court Judge Seymoub. Quel, acting on the statement of Assistant District Attorney, Gr. Casey, that the District Attorney did not oppose the motion to dismiss, based on discussion with both his own Appeals Division and that of the Kings County District Attorney, dismissed the complaint upon the ground that res judicata and collateral estoppel barred the prosecution.
The foregoing exposition at length has been found necessary because petitioner contends that the doctrines of res judicata and collateral estoppel are bars to the prosecution for conducting a travel business on Sunday. It is further urged that in view of this fact the continual serving of summonses is unlawful, arbitrary, capricious, an abuse of discretion and constitutes harassment and interference with the business of the corporations.
The Corporation Counsel contends that the business of the petitioner is not one of necessity, that the doctrines of res judicata and collateral estoppel do not apply and that the Police Department may not be prohibited or prevented from carrying out its duty to serve summonses upon alleged violators, since each case depends on its own facts.
*194 Consideration will now be given to the legal consequences of the petition, the exhibits and the contentions of the parties. The court finds in the first instance that petitioner’s application may not be entertained under article 78 of the CPLR. Pursuant to •CPLR 7803 the only questions which may be raised are:
‘ ‘ 1. whether the body or officer failed! to perform a duty enjoined upon it by law; or
“ 2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
‘ ‘ 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
“ 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.”
There is no demonstration by petitioner that the Police Commissioner failed to perform a duty enjoined upon him by law, or that he has proceeded or is about to proceed in excess of his .jurisdiction, or has made an administrative determination which is arbitrary or capricious, or the result of a hearing held pursuant to law. The letter from the Commissioner rejecting petitioner’s request is not such a determination as may be reviewed under CPLR 7803.
An injunction such as that which is sought by petitioner is generally brought as a plenary action rather than by way of petition to review. However, in view of CPLR 103 (subd. [e]), a special judicial proceeding under article 78 by petition instead of an action need not be summarily dismissed, (Matter of Nowak v. Weressynski, 21 A D 2d 427), and the court having obtained jurisdiction over the parties may make whatever order is required. There is no procedural “ no man’s land ” and all, proceedings must either be an action or a special proceeding. Defects may be corrected without dismissal. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 103.02 through 103.08.) Pursuant to CPLR 3017 the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded. Under the circumstances, the court considers the matter as a plenary suit for a declaratory judgment and for an injunction. This base now established, the court will view the matter from the standpoint of the applicable law.
It would have been impossible for the Legislature to prescribe in the statute each and every business, trade or occupation which *195 was to be exempted, as a work of necessity. In blanket form, therefore, it has included “necessity” as the criterion for exemption, with no further words of description.
A declaration is here sought that “ travel business ” falls into the exempt class intended by the Legislature as being essential or “ a work of necessity ”. The average citizen of medium income today enjoys foreign travel to a degree unheard of in generations past. Modern modes of travel for special groups have reduced the cost to a figure below that required for similar vacation enjoyment in local vacation resorts. But, by the same token, budget limitations on those who avail themselves of this modern luxury require that their travel itinerary must be maintained without disruption. Failure of hotel or travel reservations can be disastrous to those so circumstanced.
Petitioner’s testimony establishes the fact that collect calls from foreign ports to Liberty, made on behalf of its clients experiencing reservation problems, are accepted by it daily, including Sundays, and Liberty, at its own expense, arranges stand-by travel or hotel reservations1 and absorbs any additional expense which may be thus incurred. Certainly, in the experience of wide world travel, particularly in the tourist or group category., adherence to schedule or near substitute schedule, is a matter of supreme importance to-petitioner’s customers. They are strangers in a strange land and the long arm of assurance from home is a matter of necessity to them. The court is therefore of the opinion that in the modern world insuring convenience of the traveling public has now become a work of necessity. This is fortified by the fact that the sale of a transportation ticket at an airport or railroad terminal on Sunday, for use either that day or at a later date, is deemed legal. That tickets for transportation and hotel reservation, singly or in package form, may be sold on the Sabbath for use at a future time seems to the court to be of no consequence. A loaf of bread purchased on Sunday may also be eaten on Monday. More significant is the fact,, as shown by the proof, that the offices remain open to service passengers traveling abroad within a limited time, who may find no transportation or hotel reservation awaiting them in far-away places, foreign and domestic. Surely, this is ,a necessary service, of great benefit to the public. While under the doctrine of collateral estoppel the State would be precluded from contending that the sale of travel tickets on Sunday by Liberty Travel Service is violative of the statute (People v. Litt-Chinitz, 38 Misc 2d 864; People v. Roderman, 34 Misc 2d 497, 505, 507; People v. Brooklyn & Queens Tr. Corp., 283 N. Y. 484, 496; People v. Lo Cicero, 17 A D 2d 31), *196 perforce of stare decisis, the court is precluded from granting the relief requested by petitioner.
In an action based on somewhat analogous facts, the Court of Appeals in Reed v. Littleton (275 N. Y. 150, affg. 249 App. Div. 310, which had reversed a declaratory judgment, determining after trial that the activity of the plaintiff was a legal and valid business'), Chief Judge Crane stated (p. 153): 11 The court of equity has at times been called upon to enjoin the enforcement of a criminal prosecution. The rule has been firmly established that it will not ordinarily intervene to enjoin the enforcement of the law by the prosecuting officials (Davis v. American Society, 75 N. Y. 362; Delaney v. Flood, 183 N. Y. 323) ”, The court went on to say (p. 157): “ The futility of resorting to Equity to determine whether certain or uncertain facts constitute crime is apparent when we consider the different measure of proof in criminal and civil cases.” (See, also, Commander Oil Corp. v. Town of Oyster Bay, 41 Misc 2d 926.)
In Eisenberg v. Kennedy (8 Misc 2d 980) and Jiffy Auto Laundry v. Monaghan (118 N. Y. S. 2d 189) injunctions were sought to restrain Police Commissioners from issuing summonses for alleged violations of the Sabbath Laws. As here, and in those cases, prior summonses for the same offense had been dismissed. Nevertheless, in each of them the court denied injunctive relief on the basis of the ruling in Reed v. Littleton (supra). It would therefore appear that the place to urge the doctrines of res judicata and collateral estoppel is the Criminal Court, where the offense or offenses are litigated, and not as here, in a proceeding for an injunction.
However, it seems to the court that despite its inability to curtail the Police Commissioner in the performance of his functions, that that officer might perceive the futility of having summons after summons issued only to have them dismissed as has been done 10 times already, with the possibility of another such result, in the one pending. Heed might also be given to the admonitions of two District Attorneys in this city.
The court can do no more than declare that on the proof submitted the business transacted by petitioner’s corporations on the Sabbath constitutes a work of necessity within the statutory exception, and state that the Police Commissioner (defendant) is entitled to a declaration that he may not be restrained in this proceeding from carrying out his functions. Petitioner’s application for an injunction is therefore denied, without costs.