■ MICHAEL J. DE BONIS, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 48369.) — Appeal by the State from a judgment of the Court of Claims awarding damages to claimant for false arrest and false imprisonment. The pertinent facts surrounding the instant controversy are not in dispute. On April 19, 1967 claimant, age 27, resided at 289 Fourth Street, Troy, New York, with his father, Joseph De Bonis, a known bookmaker, and his mother Lucy. At about 2:00 P.M. on that date two members of the State Police, armed with a search warrant, entered the premises and found claimant there alone. A search was made and a number of betting slips were found in a buffet drawer in the living room and in a garbage bag in the kitchen. Claimant was arrested for maintaining an establishment for bookmaking and for possession of betting slips. Prior to this arrest he had no previous encounter with the law. He was the operator of a beauty parlor in Troy. The matter was presented to the Grand Jury and they failed to indict. The trial court determined there was no probable cause to arrest claimant since the only proof connecting him with the crimes charged was his sole presence in the dwelling where the betting slips were found. With this determination we agree. While there was a warrant issued for the arrest of Joseph De Bonis, there was none for claimant. Consequently, the defendant had the burden of establishing that the arrest was justifiable under all of the circumstances. (*Bonnau* v. *State of New York*, 278 App. Div. 181, 183; *Woodson* v. *New York City Housing Auth.*, 10 N Y 2d 30.) It is significant that the police knew this was the residence of Joseph De Bonis. By means of a wiretap they also knew he was taking bets, and, conversely, that claimant's name was never mentioned in any of the messages intercepted connecting him with taking bets. The record also reveals that claimant immediately admitted the State Troopers at the door and informed them as to who he was, his occupation, and that he had just returned from South America. The instant case is readily distinguishable from *Cimmino* v. *State of New York* (29 A D 2d 587) relied upon by appellant. Here the claimant was in his own home whereas Cimmino was in a business establishment. Furthermore, in *Cimmino* the claimant admitted custody and possession of the premises, and betting slips were found on a couch in the room in which claimant sat. No such admission exists here. Furthermore, the betting slips were found unexposed in the living room and kitchen, rooms which were not occupied primarily by claimant. Under these circumstances the police officers could not reasonably conclude that claimant had possession of the betting slips. (*People* v. *Wolosky*, 296 N. Y. 236; *People* v. *Leavitt*, 301 N. Y. 113.) Appellant also contends that the award of $5,000 was excessive. We do not agree with this contention. Claimant had an otherwise clean record and had an established business. The arrest was given wide publicity in the newspapers and on television. Many people reported to claimant that they saw him handcuffed on television. Under these circumstances we cannot say the amount awarded was excessive. Judgment affirmed, with costs. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.