■    In the Matter of GILBERT D. HAROCHE, as President of Liberty Travel Service of Brooklyn, Inc., Respondent-Appellant, v. HOWARD R. LEARY, as Commissioner of the Police Department of the City of New York, et al., Appellants-Respondents.— In this case, which petitioner characterized as a proceeding pursuant to article 78 of the CPLR but which was properly treated by the Special Term as a plenary suit for a declaratory judgment and an injunction, (1) respondents appeal from so much of a judgment of the Supreme Court, Kings County, dated September 2, 1970 and made after a nonjury trial, as declared that the business transacted by petitioner's corporations on the Sabbath constituted a work of necessity within the statutory exceptions (General Business Law, § 5); and (2) petitioner cross-appeals from the remainder of the judgment, i.e., so much thereof as declared that respondents may not be restrained from carrying out their functions and denied petitioner's application for an injunction. Judgment affirmed, without costs. No opinion. Hopkins, Acting P. J., Shapiro, Christ and Brennan, JJ., concur; Gulotta, J., dissents in part, with the following memorandum: This appeal involves the construction of section 5 of the General Business Law, which reads as follows: " § 5. Labor prohibited on Sunday. All labor on Sunday is prohibited, excepting the works of necessity and charity. In works of necessity or charity is included whatever is needful during the day for the good order, health or comfort of the community." Petitioner, as president of four travel agencies, seeks to enjoin the New York City Police Department from issuing summonses to his corporations, claiming that the business of these companies falls within the statutory exception as "works of necessity". Petitioner testified that the travel business entails the making of arrangements involving transportation, sightseeing and hotel accommodations for individuals and groups; that part of the Sunday activity is servicing clients who have already made reservations; that Sunday is one of the most popular days for people to depart on vacation; and that should any of the clients meet with a problem on any Sunday in connection

with the accommodations or reservations made for them the employees of the agency must be on hand to assist. This particular aspect of the travel business thus might be said to involve some element of urgency or necessity justifying Sunday activity on the part of petitioner's corporations. However, no proof was offered of any instances when petitioner's corporations had been called upon to perform such a service. It was stated that no record is kept of calls received on a Sunday. The proof showed that the bulk of petitioner's business involves giving travel information to prospective customers and making reservations for them with the air lines, hotels, etc., when and if the customer decides to buy a trip. There was no proof that any of this business involved an immediate Sunday departure. In my opinion this is a business which is no different from many other businesses the operations of which could as well be performed on any other day of the week as well as on Sunday and thus traditionally have been held to be restricted by the Sunday "Blue Laws". Of some 750 to 800 travel agents in the City of New York, petitioner knew of two others, besides himself, who conducted their operations on Sunday. This throws some light on just how necessitous petitioner's Sunday operation is. Petitioner is performing a service of convenience rather than a work of necessity. No compelling reason has been shown why this work *must* be done on Sunday. I do not believe petitioner is entitled to a declaratory judgment as to the legality of his corporations' Sunday business transactions and it follows of course that he is not entitled to injunctive relief against police enforcement of the Sabbath Law (*Reed* v. *Littleton,* 275 N. Y. 150; *Eisenberg* v. *Kennedy,* 8 Misc 2d 980; *Jiffy Auto Laundry* v. *Monaghan,* 118 N. Y. S. 2d 189). I would, therefore, modify the judgment by striking the first decretal paragraph, which declares that the Sunday business of petitioner's corporations is not violative of section 5 of the General Business Law, and substituting a declaration that petitioner's application is denied insofar as it seeks a declaratory judgment; and I would affirm that portion of the judgment which denied petitioner injunctive relief. [64 Misc 2d 191.]