Bergan, J.
On an affidavit by a police officer stating that appellants at their Rochester book store possessed “ obscene material ”, and naming by title certain magazines, copies of which were furnished with the affidavit, a search warrant was issued by a Judge of the City Court of Rochester. The warrant authorized a search of the premises of appellants for magazines and photographs.
It did not name or otherwise describe the magazines referred to in the supporting affidavit, but permitted the police, armed with the warrant, to search for and seize any material which *163 depicted ' ‘ scenes of nude persons ” and which “ expose the female and male genital organs, the female and male pubic areas, including the male penis and the female breasts ”.
In executing the search warrant the police seized over 1,000 magazines and calendars in appellants’ premises and arrested appellants for violation of section 235.05 of the Penal Law dealing with obscenity.
Following their indictment on 54 counts appellants moved in the Monroe County Court to suppress the material thus seized and on denial of this motion they pleaded guilty to five of the counts of the indictment. On appeal the Appellate Division reversed as to three counts and affirmed as to two. Three other counts had previously been dismissed by the County Court.
The two remaining counts are based on the magazines Nude Circle and Photo Field Trip which the Appellate Division regarded as obscene and thus not constitutionally protected and on which it affirmed the judgments of conviction.
The two magazines on which the conviction of appellants lests, however, were not described in the search warrant or in the underlying affidavit, and, therefore, were not before the Judge who had issued the warrant for initial judicial evaluation as to their obscenity* They were seized, rather, on the sole judgment of the police executing the search warrant that they violated section 235.05 of the Penal Law.
In denying the motion to suppress, the County Court was of opinion that independently of the validity of the search warrant as authority to seize the large quantity of material taken in, the search and seizure could be justified as an incident to a lawful arrest.
This was on the stated ground that a warrant of arrest had also been issued by the City Court Judge for defendants for selling four named and described magazines. But these magazines were not the ones on which the present convictions rest, and as to those that were described in the warrant of arrest, there has been either a dismissal or no conviction and they are not involved in this appeal.
Thus the basic situation is the same: either the police seized the material on which these convictions are based exercising their own judicially unsupervised judgment under a general search warrant as to what is obscene within the statute; or in *164 making arrests under a warrant concerned with entirely different publications and material, they made a similar unsupervised judgment in seizing other material unrelated to that arrest on which these convictions are based.
The situation differs from that considered in People v. Matherson (16 N Y 2d 509) where the material seized was regarded as incidental to a lawful arrest; and it differs also in relation to the openness of the place of seizure. Here the People conceded on the suppression hearing that two thirds of the material seized was taken from a storeroom where in Matherson seizure was in a place open to public access.
In A Quantity of Books v. Kansas (378 U. S. 205) and in Marcus v. Search Warrant (367 U. S. 717) the Supreme Court reversed decisions of the courts of Kansas and Missouri permitting wide police discretion without judicial supervision in seizing written material without reaching or deciding the underlying question whether the material was or was not obscene; and accordingly whether it was constitutionally protected (see, e.g., 367 U. S., at p. 738).
The judicially unsupervised seizure of the material was held to be in violation of the United States Constitution and this was regarded as decisive in each case. The court was particularly critical in A Quantity of Books (378 U. S. 205, supra) of the mass seizure of over 1,700 copies of the offending publiéations.
The procedure followed by the police here was so similar that it is unnecessary to reach the question whether the two publications are obscene within a constitutionally permissible construction of the New York statute. On this question the publications might be compared with those considered in Burgin v. South Carolina (404 U. S. 806) which turned on Redrup v. New York (386 U. S. 767).
The judicially unsupervised police seizure of evidence on which the present convictions are based is contrary to the decisions both of the Supreme Court and of this court. The leading case in this court is People v. Rothenberg (20 N Y 2d 35) where the order denying suppression of material charged as being obscene was reversed and the motion to suppress granted. ‘ ‘ The basic defect is that the language of the warrant delegates *165 to the police officer executing it the function of determining whether the material is obscene ” (p. 38).
The Supreme Court reiterated the need for judicial supervision of seizure of material charged as obscene in Lee Art Theatre v. Virginia (392 U. S. 636); and although this court has not read that decision as requiring an adversary hearing before a warrant issues (People v. Heller, 29 N Y 2d 319) it has undoubtedly become a settled principle that a Judge must decide preliminarily whether the particular material on which he is asked to authorize seizure is obscene and that this must not be left open to the judgment of the police.
This court again emphasized the need for such judicial supervision in Heller, as the Appellate Division, Fourth Department, did in People v. Hughes (31 A D 2d 235) and in Stengel v. Smith (18 AD 2d 458).
Indeed the warrant issued here was so sweeping in its terms that it would have permitted the police to select and seize noted works of art of universal acceptance or medical or biological texts in general usage simply because of the portrayal of genitalia.
The orders should be reversed; the motion of appellants to suppress the material on which the judgments rest granted, and the remaining counts of the indictment dismissed.