■ ANTHONY MORRELLO, Appellant, v SARATOGA HARNESS RACING INC., et al., Respondents.—Appeal from an order and judgment of the Supreme Court in favor of defendant, entered March 10, 1975 in Montgomery County, upon a dismissal of the complaint by the court at a Trial Term at the close of the evidence. The plaintiff, a licensed owner of trotting and pacing horses and a licensed driver, raced his horses at defendant's track at the 1970 racing season. He kept his horses in stalls on defendant's race track facility, furnished without charge during the racing season. The stalls used by plaintiff were assigned by defendant to one Joseph Belmonte by an agreement in writing which provided, in part, as follows: "The association has the exclusive and inherent right, in the exercise of its own discretion, to revoke * * * at any time this limited and conditional occupancy * * * and [the undersigned] agrees to and shall remove * * * his horses, and to vacate such stall spaces within a maximum of 48 hours of any such notice for their removal." The plaintiff testified that at the close of the 1970 racing season he left his two horses in care of Joseph Belmonte in the stalls he used during the season. Defendant made a charge of fifty cents per day for the use of stalls starting 30 days after the close of the racing season. Plaintiff testified he paid the fifty cents a day charge to Belmonte and Belmonte paid the defendant. By letter dated March 29, 1971 and received by plaintiff on March 31, 1971, defendant notified plaintiff that his two horses were not being assigned stalls for the 1971 racing season and requested plaintiff to remove his horses from defendant's grounds before noon of April 4, 1971. Plaintiff ignored the request and continued to keep his horses in defendant's stalls and continued to tend and train his horses at defendant's property. On April 7, 1971, one of defendant's employees delivered a letter to plaintiff from defendant's superintendent of security which stated: "It is my unfortunate duty to inform you that your presence on Saratoga Harness Racing property is not desired. Upon receipt of this letter you are barred from entrance to Saratoga Harness Racing property until further notice. Violation of this order will constitute a criminal trespass and is subject to arrest in violation of 140.10 (misdemeanor), State of New York Penal Law." After receiving defendant's letter of April 7, 1971 plaintiff left defendant's property and consulted his attorney. That afternoon, plaintiff returned to defendant's property to tend his horses, and entered without incident. A security guard then learned that defendant had notified plaintiff not to enter defendant's property and ordered plaintiff to leave at once. On his refusal to leave, plaintiff was arrested by defendant's security guard, without a warrant, and was charged with violating section 140.10 of the Penal Law, criminal trespass in the third degree. On plaintiff's criminal trial in the City Court of Saratoga Springs, he was acquitted. Thereafter, plaintiff commenced this action against defendant to recover damages for malicious prosecution and false arrest. At the close of the case, on motion of defendant, the Trial Judge dismissed plaintiff's complaint. In the action for malicious prosecution, the Trial Judge found no evidence sufficient to warrant submitting the case to the jury on the necessary elements of probable cause and malice. In the action for false arrest the Trial Judge ruled that the evidence demonstrated that the arrest of plaintiff was lawful. A motion for judgment at the close of the entire case is substantially equivalent to a motion for a directed verdict made at that point. On the motion the court must take the view of the evidence most favorable to the nonmoving party. The test is whether the trial court could find "that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence * * * presented." *(Blum v Fresh*

*Grown Preserve Corp.,* 292 NY 241, 245; *Wessel v Krop,* 30 AD2d 764.) We agree with the trial court that there was no evidence which would warrant a jury in finding that defendant was guilty of malice in instigating the criminal action against plaintiff. In dismissing the cause of action for false arrest, however, the trial court stated that the plaintiff must prove that the arrest was unlawful. As the arrest and imprisonment in this case were made without a warrant, a presumption arises that the arrest was unlawful and the defendant had the burden of proving that the arrest and imprisonment were lawful *(Broughton v State of New York,* 37 NY2d 451; *Woodson v New York City Housing Auth.,* 10 NY2d 30). The trial court erred in charging plaintiff with the burden of proving that his arrest was unlawful when he granted the motion to dismiss the cause of action for false arrest. The judgment must be reversed insofar as it dismisses plaintiff's cause of action for false arrest and a new trial must be granted on that cause of action. Judgment modified, on the law and the facts, by reversing so much thereof as dismissed plaintiff's cause of action for false arrest and a new trial ordered thereon, with costs to abide the event and, as so modified, affirmed. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.