Arnold L. Fein, J.
On January 26, 1976, members of the Police Department of the City of New York arrested two men and four women on the premises of plaintiff restaurant corporation and charged them severally with obscenity and promoting obscenity. The arrests were made without warrants. It is undisputed that immediately prior to the arrest, the four women had performed totally nude before a gathering of approximately 50 restaurant patrons in a rather small area.
This action seeks: (1) a judgment declaring that the warrantless arrests without prior judicial scrutiny of the allegedly obscene activity were unconstitutional; and (2) a permanent injunction against such warrantless arrests on the plaintiff’s premises.
This motion is for a preliminary injunction to prevent defendants from making any additional warrantless arrests for obscenity on plaintiff’s premises.
The difficulty inherent in permitting warrantless arrests for nude performances is the possible suppression of constitutionally protected, nonobscene activity. The problem arises from the very nature of nude performances, which can be highly artistic or lewd and obscene, depending on the nature of the performance, the setting where the performance takes place and on the subjective reaction of the viewer. Plaintiffs urge that nude performances are exempt from the provisions of CPL 140.10, which provides for arrest by a police officer without a warrant.
The performance as described by plaintiff consisted of mere nude dancing. As described by the police, it hardly rose to the dignity of dancing, but rather amounted almost solely to "lewd exhibition of the genitals”, a mere obscenity, if there be a kind of human activity describable as obscenity. (Penal Law, §§ 235.00, 235.05). As a long line of cases and legal and other literature demonstrate, the inquiry is where to draw the line and how to rationalize the difficulties in so doing.
On this basis, plaintiff contends: (1) the arrests by the police *1050 on the ground of obscenity amounted to an illegal seizure, in the absence of a warrant; (2) dancing is a form of expression protected by the First Amendment; and (3) police officers may not arrest dancers for violation of obscenity laws without prior judicial scrutiny and the issuance of an arrest warrant.
Plaintiff relies on cases finding unconstitutional police seizure of films, books, magazines and pictures in the absence of a warrant (Marcus v Search Warrant, 367 US 717; Quantity of Books v Kansas, 378 US 205; People v Heller, 29 NY 2d 319; People v Abronovitz, 31 NY 2d 160; Lee Art Theatre v Virginia, 392 US 636; Roaden v Kentucky, 413 US 496). However, these cases do not deal with anything as ephemeral as a dance. They apply to fixed and definite material obviously capable of prior judicial scrutiny. A dance, if the subject performance be deemed a dance, being a live performance, is hardly likely to be repeated in the same manner from time to time. Whatever the merits of utilizing police time to investigate such establishments and performances as are maintained by plaintiff, the use of judicial time for such purpose would be completely unwarranted, unduly burdensome and patently inappropriate. (See Milonas v Schwalb, 65 Misc 2d 1042; People v Shiffrin, 64 Misc 2d 311.)
Although the practice has sometimes been adopted, no cases have been cited or found requiring prior judicial scrutiny before arrests may be made for live performances alleged to violate the obscenity laws. Whether an arrest constitutes a seizure within the meaing of the cases relied on by plaintiff is doubtful. Such a determination would require a ruling that prior judicial scrutiny is essential in every obscenity case. The authorities do not go so far.
The dance has been held to be a form of expression protected by the First Amendment to the Constitution and therefore presumably not subject to prior restraint. However, the authorities so holding, relied on by plaintiffs, do not mandate a prior warrant before an arrest can be made in the face of the type of performance described by the arresting officer here. Salem Inn v Frank, (501 F2d 18, mod. sub nom. Doran v Salem Inn, 422 US 922), relied on by plaintiff, holds only that an ordinance specifically outlawing "topless dancing” was apparently so overbroad as to warrant a temporary injunction restraining its enforcement pending a trial. Although the Second Circuit stated "[e]ven nude dancing in a bar can be within the constitutional protection of free expression” (supra, *1051 p 20), this was written in the context of indicating that the local ordinance was probably unconstitutional for overbreadth because it amounted to an "across the board” prohibition. In so doing the court stated "[i]n reaching such a conclusion, we need not determine that the actual dancing involved in appellees’ bars is protected expression * * * there is no claim that the dancing here was actually obscene” (supra, p 21, n 3).
In the present case we treat with a statute recently drafted to meet constitutional standards (Penal Law, § 235.00; Miller v California, 413 US 15; Governor’s Approval Memorandum No. 110, NY Legis Annual, 1974, p 416; Hechtman, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, 1975-1976 Pocket Part, § 235.00, p 52). Although, contrary to the city’s contention, this does not require the Supreme Court, "a local trial court”, to ignore constitutional limits on the arrest powers of the police, it does mandate serious consideration of the circumstances of the arrest. The affidavit of the arresting officer describes a performance which could reasonably be found obscene under the statute. The court has not been advised of the disposition in the Criminal Court. The forum to test the constitutionality of the statute and the arrests is that court. Neither Salem (supra), nor any of the other cases relied on by plaintiff require the issuance of an injunction enjoining such arrests. It is noteworthy that in Salem (supra), a temporary injunction was approved in favor of bar owners who complied with the ordinance but who sought a declaratory judgment that it was unconstitutional, and was denied with respect to one who ignored the ordinance and continued the performances. As to the latter, against whom the State had instituted criminal proceedings for violation of the ordinance, it was held he was limited to raising the constitutional issue in the State criminal action. (Doran v Salem Inn, 422 US 922, supra.)
Moreover it would be practically impossible to draft an injunction conforming to plaintiffs request. The variation in live performances, particularly of the kind here involved, from time to time and day to day presents an almost insuperable obstacle to meaningful draftsmanship and appropriate enforcement.
Nor should a temporary injunction issue where there is a dispute as to the facts and the relief sought would be the same as obtainable only after a plenary trial (Smith v Robilotti, 25 AD2d 454). What is sought here is an improper attempt to try *1052 in a civil action what is essentially a pending criminal case. (Matter of Haroche v Leary, 64 Misc 2d 191.) ''
The crime for which the arrests were made, obscenity in the second degree, is a class A misdemeanor (Penal Law, § 235.00; § 235.05, subd 2). As noted, this statute appears to meet constitutional standards. A warrantless arrest is constitutionally permissible where a class A misdemeanor is committed in the police officer’s presence. (CPL 140.10.) It is undisputed that the acts complained of were committed in the officer’s presence. If the performance was obscene, the arrests were proper and violated no constitutional requirements. Under these circumstances, this court is without authority to intervene to enjoin the enforcement of the penal statute. (See Reed v Littleton, 275 NY 150; Haroche v Leary, supra.)
Accordingly, the motion for a preliminary injunction is denied.