Wachtler, J.
On June 5, 1970 the defendant, Ronald Frank Rizzo, was arrested , at his residence in Holtsville, New York, *427 and charged with possession for the purpose of sale of 144 cartons of untaxed cigarettes (Tax Law, § 471). The arrest was effected by Officer Mallon, an investigator for the Cigarette Tax Enforcement Unit of the State Department of Taxation and Finance. At the trial, the arresting officer testified that he began investigating defendant on the basis of a tax evasion complaint which in addition to giving his description indicated only that Rizzo had previously been arrested at some unspecified time in New Jersey for possession of untaxed cigarettes. This investigation consisted of surveillances of the defendant’s residences. After a four-day surveillance at one address proved fruitless, the officer began watching Rizzo’s Holtsville home.
On the first day he observed defendant emerge from the house and load several brown paper bags into the trunk of his car which had been backed up to the garage. The investigator next observed defendant place a cardboard box in the trunk of the car which the officer thought, by virtue of its size and shape, to be a half case of cigarettes. At this point the officer approached Rizzo who simultaneously closed the trunk lid. From where he stood Officer Mallon was able to see cigarettes of various brands scattered on the garage floor. As Rizzo started to close the garage door the tax agent prevented this by placing his hand under the door. After identifying himself he began examining the cartons in the garage and discovered that none had the required New York State tax stamps. He then requested the car keys and on finding 54 additional cartons of untaxed cigarettes in the trunk placed Rizzo under arrest.
Defendant was tried before a jury and convicted of possessing untaxed cigarettes for the purpose of sale. The trial court refused to suppress the cartons seized, holding that although there was no probable cause to justify the instant search, the cigarettes were admissible "only because of the statutory grant of power given under Section 474 of the Tax Law.” The Appellate Division unanimously reversed on the ground that the statute did not contemplate the entry and search of a residence without consent. We agree that the judgment of conviction cannot stand, but for different reasons.
The Tax Law (§ 474) provides in pertinent part that: "The tax commission is hereby authorized to examine the books, papers, invoices and other records of any person in possession, control or occupancy of any premises where cigarettes are placed, stored, sold or offered for sale, and the equipment of *428 any such person pertaining to the stamping, sale and delivery of cigarettes taxable under this article, as well as the stock of cigarettes in any such premises or vehicle.” The People argue that the authority to examine any premises where cigarettes are placed, stored, sold or offered to be sold is reasonable since it is pursuant to a valid regulatory scheme. They contend that in view of the great facility with which a cache of illicit untaxed cigarettes could be moved or destroyed, no expectation of privacy exists as to any place where they are stored. Furthermore they assert that this is not the power to conduct a general search because it is limited to the inspection of books, records and the stock of cigarettes on the premises. While we may agree that the control of cigarette taxation authorizes certain reasonable inspections we cannot accept the conclusions drawn from this premise by the People. Certainly a person dealing with cigarettes does not forfeit every expectation of privacy, nor does that fact authorize exploratory searches.
The authority to conduct administrative searches and otherwise administer regulatory schemes is predicated on the Legislature’s determination that to protect the public interest, particular commodities or endeavors should be controlled. Nevertheless, the mere existence of a valid regulatory scheme of itself cannot derogate constitutional safeguards against unreasonable searches and seizures. To be considered reasonable that authority must be carefully limited in time, place and scope. We believe that the challenged statute, although constitutional, may only come into operation where there is probable cause to believe that the regulated activity is being conducted at that location. This is true regardless of whether the premises examined are characterized as commercial or private, or whether the enterprise is operating legally or illegally. While there may be a myriad of variations to this problem a cursory discussion of three common situations will illustrate the principle and resolve the case at bar.
Where a dealer is open and notorious, either by license or by holding himself out to the public, this statute empowers the commission to inspect the records and inventory of that dealer to assure that he is operating pursuant to the applicable requirements. For instance, if Rizzo had been operating a retail outlet where cigarettes were sold, the statute would have been available to investigators who could have lawfully examined his records and stock of cigarettes. As a matter of *429 fact, in that situation the agents could have insisted, in a nonforcible manner (Colonnade Corp. v United States, 397 US 72; See v City of Seattle, 387 US 541), on entry into a locked storeroom, provided they reasonably believed it contained cigarettes (United States v Biswell, 406 US 311). Of course, this authority would not extend to articles of personal property not used in the business or whose ownership was unknown (Matter of Finn’s Liq. Shop v State Liq. Auth., 24 NY2d 647).
A similar result adheres where a party is engaging in regulated activity out of premises which are not publicly recognized as those of a dealer in that commodity or service. Absent a requirement that the controlled activity be conducted only at specified locations, the party may be operating legally or illegally. However, if the agency has probable cause to believe that the regulated activity is taking place they may lawfully enter the premises and examine records and inventory pursuant to their statutory power. Peeples v United States (341 F2d 60, cert den 380 US 988) is illustrative of this point. There the court held that the agents’ entry into the defendant’s carport adjoining his house to determine whether he possessed a valid tax stamp was justified. The ratio decidendi was that the agents had ample evidence from complaints of others and from their personal observations of the activities around the house including an actual sale of beer, to believe that the defendant Peeples was engaged in the regulated activity. Under those circumstances the statute authorizing examination of records and inventory would come into play. To hold otherwise would be to frustrate the statutory authority in situations where it is most needed, i.e., to police and prohibit illegal activity.
The third situation, however, is where the regulated activity is in fact occurring but the investigators have no more than suspicion of its existence. In this situation the statutory authority to inspect does not come into play. The agents’ entry onto premises suspected of housing regulated activity cannot be justified by what it discovers as a result of an illegal search. This is what we have in the case before us. In contrast to Peeples (supra) the agents here did not have information sufficient to form a reasonable belief that the storage or sale of cigarettes was being conducted in Rizzo’s garage. Despite the fact that the regulated activity was actually occurring the statutory authority will not be activiated on mere suspicion. *430 Absent a quantum of belief sufficient to constitute probable cause they may not enter and inspect (cf. People v Manfre, 39 NY2d 907).
Here on the basis of evidence adduced át trial, the trial court concluded that there was no probable cause for the agent to conduct a search. Consequently, whatever was uncovered or observed as a result of that search could not be considered probable cause for the belief that Rizzo was dealing in cigarettes. To state it another way, while there could be said to have been a vague and unsubstantiated suspicion that Rizzo dealt in cigarettes, there was no cause to believe that such activity was conducted from his residence or that he stored stocks of such cigarettes in his garage. It was only after he had entered upon defendant’s property and had reached the garage door that he first saw the cigarettes. Had he seen the cigarettes, or had reason to believe that they were stored in the garage before entering upon the premises, there would have been probable cause to invoke the statute and the search would have been legal. Absent that probable cause neither the search nor an examination under section 474 of the Tax Law were proper. And whereas the facts here may be read to sustain a finding of probable cause this court has no power to review factual determinations unless they are unsupported as a matter of law (NY Const, art VI, § 3; People v Leonti, 18 NY2d 384, 390; Cohen and Karger, Powers of the New York Court of Appeals, § 198, p 742). This principle obtains equally to determinations that probable cause exists (e.g., People v Concepcion, 38 NY2d 211; People v Alexander, 37 NY2d 202) as well as determinations that probable cause does not exist (e.g., People v Zimbardo, 21 NY2d 15). Since the suspicion here never ripened to probable cause the authority to examine Rizzo’s records and inventory under section 474 of the Tax Law never materialized and the search of his garage was unlawful.
Accordingly, the order of the Appellate Division should be affirmed.