OPINION OF THE COURT
Joseph J. Sedita, J.
On September 10, 1975 Judge Thaddeus Piusienski of the Village of Depew Court issued a search warrant for premises occupied by defendant Potwora and for the search of a certain van truck located on or near the premises. The affidavits supporting the application for a warrrant stated that a Rochester Judge had reviewed a number of the publications found in the defendant’s premises and had declared them to be obscene. Judge Piusienski accompanied the police on the "raid” and permitted the seizure of other materials not listed in the warrant. The defendant has moved to suppress all evidence seized, claiming that the original warrant was improperly issued.
*351 This court is presented with a unique question of law. That question may be stated simply: May a Magistrate issue a search warrant for the seizure of allegedly obscene materials when he has not personally viewed these materials and the supporting affidavits of the police officers requesting the warrant state that another Judge has determined the materials to be obscene?
Both the District Attorney’s office and the defendant are in agreement on certain basic principles involving search and seizure of allegedly "obscene” material. They agree that the procedure must retain a "necessary sensitivity to freedom of expression” (Lee Art Theater v Virginia, 392 US 636, 637; italics supplied); the application for the warrant must aiford the issuing Magistrate an opportunity to "focus searchingly on the question of obscenity” (Marcus v Search Warrant, 367 US 717, 732; italics supplied) and that "a Judge must decide preliminarily whether the particular material on which he is asked to authorize seizure is obscene and that this must not be left open to the judgment of the police.” (People v Abronovitz, 31 NY2d 160, 165; italics supplied.)
Had this warrant been based solely on the conclusory statements of the police, there is no question that this would have been an invalid warrant. (See People v Abronovitz, supra.) The difficulty lies in the fact that a Magistrate apart from the issuing Judge has made the obscenity determination.
The history and genius of our legal system has been the constant tempering of ideas and ideals in the fire and ice of experience. Our common-law heritage developed not so much out of an all encompassing system of logic embossed en masse upon society, but was born out of the crucible of evolving experience. Our system has never been a slave to the hypothetical and our courts at all levels either refuse or only rarely consider making decisions on matters which have not truly blossomed into a real "case or controversy.”
To permit the issuance of a search warrant based upon the alleged opinion of a Judge not directly responsible for the warrant or directly involved in the case would be to violate the experiential wisdom that is at the very root of our system of justice.
It makes good sense as well as good law to always tie responsibility to accountability. To permit our Judges to issue search warrants in this very sensitive area based upon the hearsay "opinion” of some other Judge, would be to institute *352 an unacceptable form of judicial "buck-passing”. One can envision a new and more virulent form of "judge shopping” by the authorities in an attempt to find the Judge or Justice of the Peace who has the toughest "obscenity” standards and whose opinions could be used as grist for untold numbers of warrants. The door should not be opened to such a possible scenario.
The police had a clear and simple alternative to this utilization of a conclusory hearsay opinion of another Judge outside this jurisdiction. Their alternative was to bring samples of these materials to the Judge issuing the warrant, and allow him to make his own determination, de novo, in this very sensitive area of First Amendment freedoms. The principles of sensitivity (Lee Art Theater v Virginia, supra) a searching focus on the issue of obscenity (Marcus v Search Warrant, supra) and a focus on the particular material alleged to be obscene (People v Abronovitz, supra), cannot be acceptably achieved in the type of procedure presented in this case.
Accordingly, this warrant is deemed to have been invalid and any evidence seized pursuant to this warrant or any fruits of this improper search must be suppressed.