*718 OPINION OF THE COURT

Per Curiam.

Defendant appeals from an affirmance of his conviction on plea of guilty of possession, for the purpose of sale, of unstamped or unlawfully stamped cigarette packages (Tax Law, § 481). He contends that the cigarettes found in the garage of his home at the time of his arrest should have been suppressed. After a pretrial suppression hearing, suppression was denied.
The principal issue is whether there was insufficient basis to seize the cigarettes, even though the arresting officer had and had executed a warrant for defendant’s arrest on charges of violation of the cigarette tax law.
There should be an affirmance.
The facts are quite similar to those in People v Rizzo (40 NY2d 425), where the seized cigarettes were suppressed. As in the Rizzo case, the Tax Department investigators arrived at defendant’s home address with a strong suspicion that he was in possession of untaxed cigarettes for purposes of sale. In each case, too, there was apparently no certainty that untaxed cigarettes were kept on the premises. There are distinctions, however, which require a different result in this case from that reached in the Rizzo case.
First, and most important, the officers arrived at Grande’s home address with an arrest warrant for offenses identical to the ones now charged. True, excluded below was the testimony that the warrant related to cigarette tax offenses, but that exclusion was error. The testimony would have substantially bolstered the prosecution’s contention that the police officers had probable cause to believe a crime was being committed at defendant’s home. It was therefore relevant, and should have been admitted. The warrant, the validity of which, it is quite significant, defendant has never attacked, indicates probable cause to believe defendant possessed untaxed cigarettes. Present was more than the "vague and unsubstantiated suspicion” involved in the Rizzo case (supra, p 430).
It may be that the warrant did not, by itself, indicate probable cause to believe defendant kept untaxed cigarettes at any particular place, such as his home or its lower level garage (cf. People v Abronovitz, 31 NY2d 160, 163-164). The warrant did, however, authorize the officers to be at defen *719 dant’s home for purposes of arrest. The investigators first saw defendant when he emerged from the house and walked down to the garage. After the defendant knocked on the garage door it was opened from the inside by his wife, and the officers approached defendant. While the police were executing the warrant at the threshold of defendant’s garage, they saw cartons and half cases of cigarettes through the open garage door. At the time of arrest, then, when the officers were on defendant’s premises legally, they had probable cause to believe a crime was being committed in the garage, namely, possession, with intent to sell, of untaxed cigarettes. Hence, the officers were justified in seizing the cigarettes in connection with the arrest, and the cigarettes should not have been suppressed.
A second distinction from the Rizzo case, not conclusive however, is the implied finding by the courts below that there was probable cause to seize the contraband. In Rizzo, by contrast, there had been a finding by the courts below of no probable cause. The court noted the absence of power to review factual determinations unless unsupported as a matter of law, and added that "[t]his principle obtains equally to determinations that probable cause exists” (People v Rizzo, 40 NY2d 425, 430, supra). The principle is applicable in this case, although in other cases determinations of fact by the courts below may not be dispositive if those determinations cannot stand as a matter of law.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.