*58 OPINION OF THE COURT
Adolph C. Orlando, J.
Claimants seek damages allegedly arising from the tortious conduct of agents of the New York State Department of Taxation and Finance.
Claimant, Anaca Grocery, Inc. (hereinafter referred to as Anaca), was the corporate owner of a food and cigarette retail establishment located at 374 Eighth Avenue in the City of New York. Ahamed Mubarez and Neagaip Mubarez, together with two other relatives, operated this store on a daily basis.
At approximately 11:00 a.m. on July 7,1978, two inspectors from the New York State Department of Taxation entered the premises on a routine inspection in search of improperly stamped cigarettes. The cigarettes on the premises were displayed on a shelf located directly behind the cashier in plain view. Shortly after 11:00 a.m. both inspectors left taking with them three cartons of cigarettes for which they left properly executed receipts.
On returning to their office Inspectors Friedman and Phinn advised the supervising inspector, John Mullins, that in their opinion, the cigarettes taken from Anaca contained counterfeit stamps.
Later the same day Inspectors Salamone and Murphy were dispatched to Anaca arriving at approximately 5:30 p.m. Upon arrival, both inspectors identified themselves to the cashier and although they did not have a search warrant proceeded to again search the premises. Three cartons of cigarettes and several individual packages were removed from the shelf by Inspector Salamone who immediately examined them for possible violations of the Tax Law. Both inspectors inquired if there were any other cigarettes stored or located on the premises. Although the answer was the negative, the suspicious actions of the cashier as evidenced by a quick glance to the backroom indicated to both inspectors that there indeed might be additional cigarettes stored there.
The smaller backroom area which apparently was being used for living quarters and separated from the front business part of the area by a partition contained among *59 other things an additional stock of cigarettes. A search of the area revealed in addition to the cigarettes, $2,500 in cash, a .32 caliber revolver and a quantity of ammunition.
Neagaip Mubarez and a relative were placed under arrest, handcuffed and made to sit on the floor while the two inspectors continued to search the area. Upon completion of the search the claimant, Neagaip Mubarez, and another were taken to the 10th Precinct where they were confined to a cell overnight. The following morning Neagaip Mubarez was charged with criminal possession of a weapon in the fourth degree and a quantity of improperly stamped cigarettes in violation of section 481 of the Tax Law.
Charges were subsequently dismissed and claimant now brings this claim for damages sustained. The second amended claim alleges seven causes of action on behalf of three claimants.
The individual claimants, Ahamed Mubarez and Neagaip Mubarez, specifically allege several causes of action sounding in trespass and infliction of mental distress. The remaining two causes of action for the corporate claimant are for trespass to the backroom and conversion of certain moneys, to wit $2,500.
The State argues that its agents had probable cause for the arrest and pursuant to statutory authority the right to enter the premises.
A meaningful analysis of the claim herein must of necessity commence with a discussion of the statutory authority for entry upon the premises and the issues that flow directly therefrom. The court must determine in the first instance whether the tax agents were lawfully on the premises and whether it was within their authority to inspect records and inventory. The court finds that section 474 of the Tax Law authorizes the Tax Commission to examine all books, records, equipment and stock of cigarettes of any premises where cigarettes are being sold, stored legally or illegally (People v Sciacca, 57 AD2d 846, affd 45 NY2d 122.)
The claimants were operating a retail outlet where cigarettes were sold openly and notoriously (People v Rizzo, 40 *60 NY2d 425). Pursuant to the regulatory scheme the inspectors did have the authority to enter the premises and inspect the cigarettes for possible fraudulent stamping (United States v Biswell, 406 US 311). Although the agents were properly on the premises and the inspection of the cigarettes within their authority, the inspection and/or search must nonetheless be reasonable and limited as to be within the constitutional safeguards of the Fourth Amendment (People v Rizzo, supra; Marshall v Nolichuckey Sand Co., 606 F2d 693, cert den 446 US 908).
Having established a lawful presence the court must determine if in fact it was proper for the agents to conduct a search of the backroom and if such search was based upon a reasonable belief that additional inventory was contained therein (People v Sciacca, 45 NY2d 122; People v Sciacca, 64 AD2d 677). The court finds that the tax agents believed that a greater quantity of cigarettes were on the premises and that the logical place to keep such additional stock was the backroom of the store. Indeed, the suspicious actions of the vendor lent credence to that fact. The agents properly demanded and entered the backroom in a nonforcible manner (.People v Rizzo, supra).
Clearly the actions of the agents were within the statutory compliance of section 474 of the Tax Law and within the exceptions to the stringent requirements of warrant-less inspection and searches (United States v Biswell, supra). The dealer voluntarily placed himself under governmental regulation. The right to privacy does not preclude a warrantless inspection and search, that is, as in this case limited to the business regulated and confined to that area within the ambit of the retail establishment (United States v Jamieson-McKames Pharms., 651 F2d 532; People v Tinneny, 99 Misc 2d 962). Hence, since the entry to the backroom was lawful the causes of action alleging trespass on behalf of Anaca and the individual claimants must be dismissed.
The second cause of action alleging trespass to personal property must be similarly dismissed. The agents having the authority to examine were acting within their powers to search the area where the cigarettes were stored. Under the circumstances a removal of some personal property to *61 reach the regulated activity in furtherance of a governmental purpose was proper (61 NY Jur, Trespass, §§ 8-10).
To recover on the fourth cause for false arrest claimant, Neagaip Mubarez, must establish (1) defendant intended to confine him, (2) that he was conscious of the confinement, (3) that he did not consent to the confinement, and (4) the confinement was not privileged (Broughton v State of New York, 37 NY2d 451; Parvi v City of Kingston, 41 NY2d 553).
Where the arrest and imprisonment are without warrant, the presumption arises that such arrest and imprisonment are unlawful (Woodson v New York City Housing Auth., 10 NY2d 30). The defendant has the burden of proving that the arrest and imprisonment were lawful on probable cause or otherwise privileged at its inception (Broughton v State of New York, supra).
On the totality of the circumstances the court finds that the agents did have probable cause to arrest and detain the claimant, Neagaip Mubarez. The evidence adduced at trial was such that it provided a proper basis for the arrest. On the morning of the indictment two agents inspected and seized cartons of cigarettes for allegedly counterfeit stamps. Two other agents on orders from a supervising inspector and reasonable belief that a violation of the Tax Law had been committed, inspected and seized the cigarettes.
The agents, Salamone and Murphy, reasonably satisfied of the fraudulent stamps arrested and detained claimant. Under the circumstances the conduct of the agents taken in its entirety provided the probable cause required, and accordingly, the court finds that the confinement was otherwise privileged. The court notes parenthetically that the defendant need not have conclusive evidence of guilt, just probable cause that a crime had been committed (Eagle Vending Corp. v State of New York, June 26, 1981 [Rossetti, J.]).
As a result of the incident, claimant Neagaip Mubarez alleges that he was pushed about; summarily thrown to the floor and the handcuffs used in effectuating the arrest were placed so tight as to cause injuries. It is well settled that a *62 peace officer is empowered to use only such force as reasonably necessary to make an arrest (Penal Law, § 35.30, subd 1). To determine the reasonableness of the force used, the court must evaluate and consider the circumstances, the allegations and the evidence introduced.
At the outset the court finds that the use of the handcuffs was necessary and proper for the performance of a legal duty (.Houghtaling v State of New York, 11 Misc 2d 1049). The agents’ use of force was reasonable, necessary to restrain claimant and incidental to an arrest. Claimant at trial did not produce any medical evidence to substantiate his claim that the defendant used excessive force and hence should be liable for damages. Accordingly, the court finds that claimant did not establish by preponderance of the credible evidence the quantum of proof required to sustain his claim and hence the action for assault and battery is dismissed.
In the third cause of action, claimants Ahamed Mubarez and Neagaip Mubarez allege that the events of July 7, 1978 taken in their entirety caused humiliation, emotional distress and embarrassment. To prevail on this action, claimants must prove that a pattern of conduct by defendant was so extreme and outrageous as to cause severe emotional distress (Fischer v Maloney, 43 NY2d 553). Liability may only be found where the conduct is outrageous in substance and beyond all bounds of decency (Fischer v Maloney, supra). There is no evidence that the agents herein conducted a program calculated to harass, threaten or otherwise embarrass (Nestlerode v Federal Ins. Co., 66 AD2d 504, mot for lv to app den 48 NY2d 604). Annoyances or temporary discomfort are to be expected and incidental to an arrest in any situation. Although the actions may be upsetting, it does not rise to the level the law recognizes to impose liability (Lincoln First Bank of Rochester v Barstro & Assoc. Contr., 49 AD2d 1025). Accordingly, this action is similarly dismissed.
The last cause of action is on behalf of the corporate claimant, Anaca, for the alleged conversion of the $2,500 found in the search. In order to establish this action, claimant must demonstrate (1) ownership or superior right of possession of the moneys and (2) that the defendant *63 exercised unauthorized dominion over the specific money (AMF Inc. v Algo Distrs., 48 AD2d 352; Independence Discount Corp. v Bressner, 4H AD2d 756). The evidence adduced at trial clearly and unequivocally indicates that the agents were trying to ascertain the ownership of the specific property and that it was returned to the Mubarez family within a very short time after it was found and while claimants were still at the premises. The facts herein inescapably lead to the conclusion that the defendant did not interfere with the property of Anaca in derogation of its rights (Meese v Miller, 79 AD2d 237). Hence, this action must also fail.
The court is of the opinion that claimants herein have not sustained their burden of proof as to each and every action in the claim and, accordingly, the claim is dismissed in its entirety.
At the end of claimants’ case the State moved to dismiss on the ground that the claimants had failed to make a prima facie case. The court reserved decision on the motion. The State renewed its motion to dismiss at the end of the case on the ground that the claimants failed to prove their case by a fair preponderance of the credible evidence. The court also reserved decision on that motion. The court now finds that the claimants have failed to show by a fair preponderance of the credible evidence that the State is in any way liable, and accordingly, the motion to dismiss is hereby granted.
All other motions upon which decisions were reserved and not disposed of herein, are hereby denied.